**FILED**

SEP - 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CHARLES SAM                                     )
3616 PEAR TREE CT., #32                          )
SILVER SPRING, MD 20906
(301) 871-0669

                                          CASE NUMBER  1:05CV01777

                                          JUDGE: Reggie B. Walton

        v.                           DECK TYPE: Employment Discrimination

                                          DATE STAMP: 09/7/2005

MICHAEL CHERTOFF, SECRETARY,                     )
DEPT. OF HOMELAND SECURITY;                       )
OFFICE OF THE CHIEF COUNSEL, 20 MASS              )
AVE., NW, ROOM 4025, WASHINGTON, DC              )
20529;                                            )
                                          )
PHYLLIS HOWARD, DISTRICT DIRECTOR,               )
WASHINGTON DISTRICT OFFICE, U.S.C.I.S;            )
                                          )
SYLVIA WELCH, SDAO                                )
WASHINGTON DISTRICT OFFICE, U.S.C.I.S.            )
                                          )

JURY ACTION

---

## COMPLAINT FOR COMPENSATORY DAMAGES AND INJUNCTIVE RELIEF (HARASSMENT, DISCRIMINATION & RETALIATION)

    Plaintiff, Charles Sam, acting initially pro se, sues Defendants Michael Chertoff, Secretary of Homeland Security, as well as Phyllis Howard and Sylvia Welch, Director and Supervisory District Adjudication Officer respectively of the Washington District Office of the U.S. Citizenship and Immigration Services as follows:

### NATURE OF ACTION

    1.    This is an action for (i) declaratory and injunctive relief (Count I), (ii) compensatory relief (Count II), and (iii) attorneys' fees and costs pursuant to 28 USC Section 2412 (Count III).

    2.    The claims for declaratory and injunctive relief seek, *inter alia*, a judicial declaration that Defendants cease and desist from all discriminatory behavior and

1

retaliatory actions toward Plaintiff, as well as actively institute cultural sensitivity training of supervisory personnel at Defendants' place of employment.

3.      The claims for compensatory damages seek, *inter alia*, an order compelling Defendants to compensate Plaintiff for their oppressive and illegally discriminatory and harassing behavior and actions towards Plaintiff at Defendants' place of work, which resulted in a worsening of Plaintiff's existing medical conditions as well as an onslaught of a new diabetic condition.

4.      The claim for attorneys' fees and costs seeks an assessment of same against Defendants pursuant to the Equal Access to Justice Act (EAJA), 28 USC Section 2412.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this case pursuant to 28 USC Sections 1331, 1337, and 1343 under the U.S. Equal Employment Opportunity Law.

6.      The acts and omissions complained of occurred in the offices of Respondent Agency's Washington District offices. Venue is proper pursuant to 28 USC Section 1331(a).

7.      All conditions precedent, if any, to bringing this lawsuit have been waived or excused, or have otherwise occurred.

## APPLICABLE LAW

8.      Plaintiff relies on Title VII of the U.S. Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 (Title VII), which forbids discrimination of any form in Federal employment based on race, color, religion, gender, and national origin.

## THE PARTIES

9.      Plaintiff is a naturalized U.S. citizen of Ghanaian origin who worked his way to earn both Master of Business Administration and JD degrees at fully accredited U.S. institutions.

10.      Plaintiff began working for Defendant Agency about July 28, 2002 as a District Adjudication Officer at the GS-07 level as a Term employee.

11.    Defendant U.S.C.I.S. is an Agency of the federal government within the Department of Homeland Security.

12.    Defendant Michael Chertoff is Secretary of the Department of Homeland Security.

13.    Defendant Phyllis Howard is the District Director of the Washington District Office of the U.S. Citizenship and Immigration Services (U.S.C.I.S.) within the Department of Homeland Security.

14.    Defendant Sylvia Welch is a Supervisory District Adjudication Officer at the Washington District Office of the U.S. Citizenship and Immigration Services (U.S.C.I.S.) within the Department of Homeland Security.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15.    This lawsuit arises from blatant and illegal discrimination on the part of Defendant Agency's agents, Ms. Phyllis Howard and Ms. Sylvia Welch, toward Plaintiff Mr. Charles Sam.

16.    Plaintiff Mr. Charles Sam is a naturalized U.S. citizen of Ghanaian origin who has lived continuously in the United States for over thirty years.

17.    On or about July 28, 2002, Mr. Charles Sam, then a resident of Atlanta, Georgia, accepted an offer of term employment with Defendant Agency as District Adjudication Officer (DAO) at the GS-07 level.

18.    Almost immediately upon commencement of employment, many of the female DAOs in Mr. Sam's unit began making comments to him wondering how long Mr. Sam would last since none of the prior male DAOs had lasted very long.

19.    At the time of Mr. Sam's hire, he was the only male DAO in his unit, out of a total of about ten to fifteen DAOs.

20.    Mr. Sam was, on more than one occasion, on the receiving end of shocking and false statements made by Ms. Phyllis Howard.

21.    On one such occasion, Ms. Phyllis Howard baselessly reported to Mr. Sam's then-supervisor, Ms. Sylvia Welch, in very derogatory language that *whenever* she had requested files from Mr. Sam, the latter had not been able to produce said files. This false accusation was evidently calculated to create the false impression of incompetence around Plaintiff. This was in spite of the fact that Mr. Sam was constantly one of the best producers on the team. In fact, Ms. Phyllis Howard had only once personally requested a file from Mr. Sam, and had, almost immediately, as if on second thought, asked Mr. Sam

not to rush but rather send her an email once he had located the file. Mr. Sam dutifully sent the requested email and personally sent the file up to Ms. Howard.

22.    In February of the same year, around the time of the Black History month celebrations, Mr. Sam was having lunch in the small lunch room in the old office, totally oblivious of his immediate surroundings, when Ms. Phyllis Howard, who had also been having lunch with another employee, suddenly turned around and asked Mr. Sam: "Where are you from again? Ghana? Isn't that where all the slaves came from?"

23.    Ms. Howard then proceeded to ask Mr. Sam if he wanted to participate in the impending Black History month celebrations. Mr. Sam declined to participate for personal reasons.

24.    On another occasion, Ms. Welch informed Mr. Sam that Ms. Howard had reported to her that Mr. Sam had been wrongfully eating his lunch in his office. In fact, on that particular day, Mr. Sam had decided not to have lunch when he opened the lunchroom door and noticed the small room over-crowded with all-female employees with two television sets blaring with soap opera segments. It was not till much later that Mr. Sam was informed by one of the ladies that the lunchroom "crowd" had included Ms. Phyllis Howard. Presently, while Mr. Sam was using the remainder of his lunch break to meditate, he was taken aback by Ms. Welch's striding in and remarking in so many words: "What's it between you and Ms. Howard? ... I hate to be placed in the middle like this." It was then that Ms. Welch informed Mr. Sam that Ms. Howard had just left her (Ms. Welch's) office after demanding to know why "Mr. Sam had been eating lunch in his office." Mr. Sam denied the unfounded accusation, and proceeded to show Ms. Welch his still-wrapped sandwich in a brown-bag on a chair across the desk in his office.

25.    On yet another occasion, a fellow-DAO, Ms. Francine Sanders, sent Mr. Sam a derogatory email (Exhibit 1, pp. 4 &5 of 6 of original Record of Investigation) admonishing "foreigners" who dared speak their minds to leave the country.

26.    Plaintiff insists that it was the tone set by Management ( a tone clearly in violation of Title VII of the U.S. Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 (Title VII), that encouraged Ms. Sanders to believe she could send Mr. Sam such a derogatory and patently offensive email message.

27.    Following the above, and other patterns of harassing and discriminatory actions and behavior, Ms. Sylvia Welch negligently failed to timely complete and submit the requisite paperwork to effectuate Mr. Sam's promotion to the GS-11 grade level.

28.    Even though Mr. Sam performed his duties much more assiduously than most, if not all, of other DAOs in the unit, who, at the time in question, were all female, he received an annual evaluation from Ms. Welch that he later discovered was unaccountably inferior to the evaluations of the female and native-born DAOs.

29.    Again, following the general pattern of discriminatory behavior outlined, Ms. Howard declined Mr. Sam's timely request to have the month of July, 2004 off without pay in order to prepare to sit for the Bar exam. Ostensibly, the reason was because the Agency was planning to move to the present location in Fairfax, and all hands were needed on deck. However, the news and rumors of the Department's move had been in circulation at least a year and a half prior to the time in question, and did not become a reality until about November of 2004.

30.    In addition to the above discriminatory and harassing actions and practices, Ms. Welch soon began the incomprehensible practice of following Mr. Sam around whenever Mr. Sam chanced to enter the office of Ms. Shari Golston, a fellow-DAO, to discuss work-related matters. Ms. Welch would, at times, stand in the doorway and stare down Mr. Sam until he left Ms. Golston's office.

31.    Because supervisory behavior had become intolerable, Mr. Sam filed a formal complaint with the Equal Employment Opportunity Commission (E.E.O.C.).

32.    Mr. Sam was asked by the initial contract investigator assigned to his case what could be done to rectify the situation, to which Mr. Sam responded that he wanted the harassment and discrimination to cease, and that he be transferred to a comparable position at the Headquarters office if at all possible.

33.    The investigator, Mr. Michael Gear, reported to Mr. Sam that after he had apprized Ms. Howard of Mr. Sam's concerns and request to be transferred, Ms. Howard had responded that as long as she was the Director, she would never concur to Mr. Sam's transfer to a position at the Headquarters office.

34.    After the Agency moved to its new location at 2675 Prosperity Avenue in Fairfax, VA, the harassment did not cease. Mr. Sam continued to experience harassment and both direct and indirect discriminatory behavior from Ms. Welch, even though she was by this time no longer his direct supervisor.

35.    Even though it was, and still is, customary for employees to occasionally visit other employees' offices, Mr. Sam was made to realize that he was not permitted to visit Ms. Golston's office for any reason.

36.    Ms. Golston was admonished by Ms. Welch in no uncertain terms not entertain Mr. Sam in her office.

37.    Ms. Golston informed Mr. Sam that she felt her job was in jeopardy simply by Mr. Sam's visiting her office to confer on difficult cases.

38.    It is evident that the actions and behavior of Defendants have been in retaliation for Mr. Sam's having filed a formal complaint with the E.E.O.C.

39.    Over the course of the past three years, Mr. Sam has been passed over for consideration for every permanent position for which he has applied in the Agency, even when it has been clearly evident that he was more than qualified.

40.    These include two permanent positions for District Adjudication Officer for which Mr. Sam recently received written notification had been filled through so-called "alternative" means.

41.    On June 28, 2005, Mr. Sam, together with other term DAOs, took a scheduled writing test at Defendant Agency's new premises at 2675 Prosperity Avenue in Fairfax, Virginia. Ostensibly, this writing test was a prelude to the term DAOs being hired as permanent employees. Mr. Sam is a published writer who has won several writing awards. He is yet to know the results of his writing test of June 28.

42.    An extremely hostile work environment under which no employee should have to work has been the result of Defendants' actions, for which Plaintiff duly seeks redress.

43.    As a direct result of the intense stress that Defendants' harassment and discrimination inflicted on Plaintiff, the latter has had his normally medicinally controlled hypertension become uncontrolled.

44.    Additionally, at the apogee of this controversy, Plaintiff was diagnosed with diabetes -- a condition that he did not have before, and which never existed in his family history.

45.    Plaintiff on numerous occasions attempted to resolve this issue without court intervention, as evidenced by telephone conversations with contract investigators assigned to his case. For instance, in response to Plaintiff's request, through contract investigator Michael Gear, that the illegal treatment cease and that Plaintiff be transferred to a comparable position in another office, Defendant Phyllis Howard reportedly conveyed to Mr. Gear that, as long as she was Director, she would never consent to such a transfer. Only after futile reasonable efforts toward resolution did Plaintiff cause the commencement of this lawsuit.

## COUNT I
### (Injunctive and Declaratory Relief)

46.    Plaintiff re-alleges, and incorporates by reference as if set forth fully herein, the statements in paragraphs 1 through 45 above.

47.    This is an action for declaratory and injunctive relief against Defendants.

48.    Defendants have continuously and systematically illegally discriminated against, and harassed, Plaintiff based on Plaintiff's gender and national origin. Native-

born and female District Adjudication Officers in the same unit were not subjected to such discrimination and harassment.

49.    Defendants retaliated against Plaintiff when Plaintiff instituted an E.E.O.C. complaint by, among other measures, at least informally ordering a fellow-DAO not to admit Plaintiff into her office.

50.    No other employee was effectively barred from visiting another employee's office.

51.    A bona fide dispute has arisen between Plaintiff and Defendants regarding aforementioned discrimination and harassment, and regarding the decision without a hearing erroneously entered by the Equal Employment Opportunity Commission.

WHEREFORE, Plaintiff requests that judgment be entered in favor of Plaintiff against Defendants, and that the Court enter a judgment:

(a)    declaring that Defendants and any of Defendants' agents or persons acting for, with, by, through or under any of them cease and desist from any harassing or discriminatory acts and measures against Plaintiff;

(b)    compelling Defendants to cease and desist from any and all retaliatory measures as a result of Plaintiff's complaints;

©    compelling Defendants to review the evaluations done by Defendant Sylvia Welch of the subordinates in her unit for 2002 and 2003;

(d)    compelling Defendants to assign Plaintiff to a position commensurate with Plaintiff's qualifications and experience at a different location due to the hostile work environment created by Defendants' actions; and,

(d)    that the Court award all other such relief to Plaintiff as this Court deems just, proper and equitable.

## COUNT II
### (Compensatory Relief)

52.    Plaintiff re-alleges and incorporates by reference, as if set forth fully herein, the statements in paragraphs 1 through 51 above.

53.    This is an action for Compensatory relief against Defendants.

54.    Defendants blatantly violated Plaintiff's constitutional rights by harassing and illegally discriminating against him for no other reason than his gender and national origin.

7

55. Plaintiff has been passed over for numerous positions for which he has applied in the Department, and for which he has had the requisite education and experience.

56. Defendants retaliated against Plaintiff when Plaintiff filed a complaint against Defendants with the Washington office of the E.E.O.C. by increasing their harassment and discriminatory treatment, including barring Plaintiff from visiting the office of a fellow employee. No other employee was treated in this fashion.

57. As a result of Defendants' harassment and illegal discrimination of Plaintiff, Plaintiff sustained inordinate stress and emotional distress culminating in the worsening of Plaintiff's previously controlled hypertension, and leading to the onset of new medical problems including diabetes.

WHEREFORE, Plaintiff requests that judgment be entered in favor of Plaintiff and against Defendants, and that the Court enter a judgment:

(a) ordering Defendants to compensate Plaintiff in the amount of three hundred and fifty thousand dollars ($300,000.00) for the harassment and illegal discrimination, and attendant emotional distress, suffered by Plaintiff; and

(b) that the Court award all other such relief to Plaintiff as this Court deems just, proper and equitable.

## COUNT III
### (Attorneys' Fees and Costs)

58. Plaintiff re-alleges and incorporates by reference, as if set forth fully herein, the statements in paragraphs 1 through 57 above.

59. This is an action for attorneys' fees and costs pursuant, alternatively, to the Equal Access to Justice Act ("EAJA"), 28 USC Section 2413.

60. The actions and omissions of Defendants were illegal and unjustified under Title VII of the U.S. Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 ("Title VII").

WHEREFORE, Plaintiff requests that:

(a) judgment be entered in favor of Plaintiff and against Defendants at the close of a jury trial; and

(b) that Plaintiff be accorded a court-appointed attorney; and

© that the Court enter a judgment awarding Plaintiff reasonable attorneys' fees and costs pursuant to the EAJA; and

(d) that the Court award all other such relief to Plaintiff as this Court deems just, proper and equitable.

Dated this 2nd day of September, 2005.

Respectfully Submitted,

CHARLES SAM
3616 PEAR TREE COURT
#32
SILVER SPRONG, MD 20906

9

*Office for Civil Rights and Civil Liberties*
**U.S. Department of Homeland Security**
Washington, DC 20528



**Homeland
Security**

***Complaint of Charles Sam v. Michael Chertoff,
Secretary, Department of Homeland Security***
Agency Number HS 05-0040
EEOC Case Number 100-2005-00013X
Component Number CIS-04-E065

**MAY 3 1 2005**

---

## CERTIFIED AND REGULAR MAIL
## RETURN RECEIPT REQUESTED

Charles Sam
3616 Pear Tree Court #32
Silver Spring, MD 20906

Dear Mr. Sam:

This is the Department of Homeland Security's (DHS) Final Order on your Equal Employment Opportunity (EEO) complaint filed on May 3, 2004. In your complaint, you alleged that you were discriminated against on the bases of national origin (Ghanaian), sex (male) and reprisal (prior EEO activity) when the Agency refused your request to take the month of June 2004 off from work without pay, to study for a bar examination, when you had no interviews scheduled for that period.

On April 12, 2005, an Administrative Judge (AJ) from the Washington Field Office of the Equal Employment Opportunity Commission (EEOC) issued a decision without a hearing on your complaint, pursuant to 29 C.F.R. §1614.109(g). He concluded that you failed to prove that you were discriminated against as alleged.

On April 18, 2005, this Office received the AJ's decision, which will be fully implemented as the final action in this matter. Since you are not a prevailing party, you are not entitled to payment of attorney's fees, costs, or compensatory damages. No corrective action is required. 29 C.F.R. § 1614.501.

If you are dissatisfied with this decision, you have the right to file an appeal with the EEOC according to the instructions at enclosure (1). Your appeal form is at enclosure (2).

Sincerely,

*C____ A. Walsh*

⅄Daniel W. Sutherland
    Officer for Civil Rights and Civil Liberties
    U.S. Department of Homeland Security

**05 1777**

**FILED**

SEP - 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In your appeal to EEOC, you must state the date and method (for example, by certified mail or hand delivery) by which a copy of the appeal was sent to the DHS, U.S. Citizenship and Immigration Services, Office of EEO, Complaints Program Management Office.  You should use the attached EEOC Form 573, Notice of Appeal/Petition, to file your appeal.  EEOC will dismiss your appeal if you do not file it within the time limits.

The original of any statement or brief in support of your appeal must be filed with EEOC, with a copy to the DHS, U.S. Citizenship and Immigration Services, Office of EEO, Complaints Program Management Office, within 30 days of the date you file your appeal.

## *FILING A CIVIL ACTION*

You also have the right to file a civil action in an appropriate United States District Court within **90 days** after you receive this final decision if you do not appeal to EEOC, or **within 90 days** after receipt of the EEOC's final decision on appeal.

You may also file a civil action after **180 days** from the date of filing an appeal with EEOC if there has been no final decision by EEOC.

If your claim is based on age discrimination, you should seek the advice of an attorney if you wish to file a civil action after expiration of the time limits noted above.  The courts disagree about when a civil action must be filed and may permit an age discrimination complaint to be filed two years or more from the date of the alleged discrimination.

You must also comply with the following instructions:

(1)  You must name **MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY** as the defendant.  Failure to provide his name and official title may result in dismissal of your case.

(2)  If you decide to file a civil action and if you do not have, or cannot afford, the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security.  The grant or denial of the request is within the sole discretion of the Court.  Filing a request for an attorney does not extend the time in which to file a civil action.  Both the request and the civil action must be filed within 90 days of the date you receive the agency or EEOC decision.

# NOTICE OF APPEAL RIGHTS

You have the right to appeal to the Equal Employment Opportunity Commission (EEOC) or to file a civil action in an appropriate United States District Court.

All time periods are given in calendar days. If a time period expires on a Saturday, Sunday or Federal holiday, you may file on the next business day. If an attorney represents you, the time periods begin to run from the date that your attorney receives this decision.

## FILING AN APPEAL WITH EEOC

You have the right to appeal this decision to the EEOC within **30 days** of the day you receive this final agency decision. File your appeal by mail addressed to:

DIRECTOR, OFFICE OF FEDERAL OPERATIONS
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
P.O. BOX 19848
WASHINGTON, DC 20036

by personal delivery to:

DIRECTOR, OFFICE OF FEDERAL OPERATIONS
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L STREET, NW
WASHINGTON, DC 20507

or facsimile to (202) 663-7022. At the same time you file an appeal with EEOC, you must also send a copy of your appeal to:

**DEPARTMENT OF HOMELAND SECURITY**
**U.S. CITIZENSHIP AND IMMIGRATION SERVICES**
**OFFICE OF EEO, COMPLAINTS PROGRAM MANAGEMENT OFFICE**
**TWIN CITIES FEDERAL BUILDING, ONE FEDERAL DRIVE, ROOM G-56C**
**FT. SNELLING, MN 55111-4007**

**AND**

**DEPARTMENT OF HOMELAND SECURITY**
**OFFICE FOR CIVIL RIGHTS AND CIVIL LIBERTIES**
**WASHINGTON, DC 20528**

## CERTIFICATE OF SERVICE

I hereby certify that the Final Order in the discrimination case of ***CHARLES SAM V. MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY***, HS 05-0040; was sent via certified mail, return receipt requested to:

**COMPLAINANT:**

CHARLES SAM
3616 PEAR TREE COURT, #32
SILVER SPRING, MD 20906

**CERTIFIED MAIL #:**

7003 2260 0004 3754 2029

**DATE: MAY 31, 2005**

TENEDIA DAVIS, EEO ASSISTANT
OFFICE FOR CIVIL RIGHTS & CIVIL LIBERTIES
DEPARTMENT OF HOMELAND SECURITY
WASHINGTON, DC 20528-5072

Encl:  (1) Appeal Rights
       (2) EEOC Form 573

REGULAR MAIL

cc:    Gerald M. Goldstein
       Administrative Judge
       EEOC – Washington Field Office
       1801 L Street, NW, Suite 100
       Washington, DC 20507

       Mark Allen, Esq.
       Assistant Chief Counsel, USCIS
       Office of the Chief Counsel
       20 Massachusetts Avenue, NW, Room 4025
       Washington, DC 20529

       Judy Maltby, Chief
       U.S. Department of Homeland Security
       EEO Complaints Program Management Office
       Bishop Henry Whipple Federal Building
       One Federal Drive, Room G-56C
       Fort Snelling, MN 55111-4007

**ANB**