UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES SAM,                                )
                                            )
            Plaintiff                       )
                                            )
      v.                                    )      Civil Action No. 05-1777(RBW)
                                            )
MICHAEL CHERTOFF,                           )
  Secretary, U.S. Department of Homeland    )
  Security,                                 )
                                            )
            Defendant.                      )
_____ )

**DEFENDANT'S MOTION TO DISMISS, FOR SUMMARY JUDGMENT,
OR TO TRANSFER PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), defendant moves to dismiss this

suit brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 2000e et seq., for failure to establish subject matter jurisdiction and failure to state a

claim upon which relief can be granted.  Alternatively, pursuant to Fed. R. Civ. P. 56,

defendant moves for summary judgment because there are no genuine issues in dispute

and defendant is entitled judgment as a matter of law.

Further, as an alternative to dismissal as requested by defendant pursuant to Fed.

R. Civ. P. 12(b)(1), 12(b)(6) and 56, or for those claims that survive disposition of this

motion, defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) or to transfer this

suit because, pursuant to 42 U.S.C. § 2000e-5(f)(3), the venue statute governing Title VII

cases, venue does not lie in this jurisdiction but in the Eastern District of Virginia.

In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.  <u>See</u> LcvR 7(a).  A proposed order consistent with the relief requested in this motion is also attached hereto.  <u>Id.</u> at 7(c).

Respectfully submitted,

/s/ Kenneth L. Wainstein /dvh

_____

KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


/s/ R. Craig Lawrence

_____

R. CRAIG LAWRENCE, DC BAR # 171538
Assistant United States Attorney


/s/ Beverly M. Russell

_____

BEVERLY M. RUSSELL, DC Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the
 District of Columbia
555 4th Street, N.W., Room E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492

Of counsel:
Mark A. Allen, Esq.
Department of Homeland Security
U.S Citizenship & Immigration Svcs.
20 Massachusetts Ave., NW
Washington, D.C.  20529

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES SAM, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1777(RBW) |
| | ) | |
| MICHAEL CHERTOFF, | ) | |
| Secretary, U.S. Department of Homeland | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS, FOR SUMMARY JUDGMENT,
OR TO TRANSFER PLAINTIFF'S AMENDED COMPLAINT**

**I.    BACKGROUND**

Plaintiff has worked as a District Adjudications Officer (also referred to as

"DAO") with the Department of Homeland Security, U.S. Citizenship and Immigration

Services, in Arlington, Virginia since about July 28, 2002.  Compl. p. 1 and ¶ 3; see also

Ex. 1, Affidavit of Allison Randa, ¶ 3 (January 20, 2006).  Plaintiff states that he is a

naturalized citizen of Ghanaian origin.  Compl. ¶ 3.   Plaintiff filed an administrative

complaint of discrimination on or around May 3, 2004 alleging two claims based on

purported derogatory comments and one claim based on denial of leave without pay to

prepare for the bar examination.  Ex. 2, Letter from D. Diane Weaver, Director, Office of

Equal Employment Opportunity to Charles Sam, June 15, 2004; see also Compl. ¶ 29.

Only the latter claim was accepted for investigation by the agency.  Ex. 2, Weaver Ltr.

Plaintiff's administrative complaint was dismissed by the Equal Employment Opportunity Commission on or around April 12, 2005. Ex. 3, <u>Sam v. Chertoff</u>, EEOC No. 100-2005-00013X, Agency No. CIS-04-E065 (E.E.O.C. April 12, 2005)(decision).

Plaintiff subsequently brought suit in this Court on September 7, 2005 pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq.</u>, alleging that he was subjected to discrimination based on his gender and national origin (Ghana), harassment and retaliation. Specifically, in his suit before this Court, plaintiff alleges that he was subjected to gender and national origin discrimination, and harassment when he was purportedly subjected to derogatory comments because of his national origin, received an annual evaluation that he described as "unaccountably inferior" as compared to those of his female colleagues, denied leave without pay to study for the bar examination, failed to receive a timely promotion to a GS-11 level because of a delay in submitting the requisite paperwork, and "passed over" for consideration for permanent positions. Compl. ¶¶ 52 - 65. Additionally, plaintiff alleges that he was subjected to retaliation when he was barred from visiting another employee's office and denied a permanent position. Compl. ¶¶ 68 - 72.

For reasons stated herein, plaintiff's claims, with the exception of that related to denial of leave without pay to prepare for the bar examination, should be dismissed for failure to exhaust administrative remedies as required by Title VII. <u>See</u> <u>Brown v. General Services Administration</u>, 425 U.S. 820, 832-33 (1976). As indicated above, the U.S.

2

Citizenship and Immigration Services accepted only one claim for investigation,

specifically, whether plaintiff was discriminated against on the basis of sex (Male),

reprisal, and national origin (Ghanaian) when

> Management [allegedly] refused [Plaintiff's] request to take the month of
> June 2004 off from work without pay in order to study for a bar
> examination, even though, at the time, there were no interviews scheduled
> for that period.

Ex. 2, Weaver Ltr.

Accordingly, this is the only claim appropriate for disposition in federal court. The

"denial of leave" claim, however, should be dismissed for two separate and distinct

reasons.  First, the claim does not constitute an adverse action, a prerequisite to

maintaining suit under Title VII.  Brown v. Brody, 199 F.3d 446, 453 (D.C. Cir. 1999).

Second, the record indicates that Ms. Phyllis A. Howard, plaintiff's third line supervisor

during the relevant period, had a legitimate, business reason for denying plaintiff's

request.  Ex. 4, Affidavit of Phyllis A. Howard, ¶ 6, April 8, 2005.  Ms. Howard stated

that, in early 2004, she met with her managers to discuss the backlog of cases involving

applicants seeking permission to permanently work in the United States.  Id. ¶ 5.  The

managers subsequently agreed upon the strategy of not holding applicant interviews so

that the District Adjudication Officers could focus on issuing decisions in the backlogged

cases.  Id.  This decision was promptly passed on to employees including plaintiff.  Id. ¶

6.  Nevertheless, plaintiff requested leave for the month of June to prepare for the bar

examination.  Id.  Although Ms. Howard denied the request because of workload

3

demands, she suggested to plaintiff that he submit a leave request dividing the large amount of leave into two week increments avoiding the month of June 2004 altogether. Id. Ms. Howard stated that no other District Adjudication Officer was granted leave without pay of any length during June 2004, and only one was granted annual leave but that leave was limited to the last three days of June and the first two days of July. Id. ¶ 7.

As an alternative to dismissal of this suit pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), or 56, defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue. As stated by plaintiff himself in a filing before the Equal Employment Commission, the acts and omissions complained of as related to this suit occurred in defendant's offices in Arlington County in the state of Virginia. Ex. 5, Sam v. Ridge, EEOC Case No. 100-2005-00013X, Agency No. CIS-04-E064 (E.E.O.C. Feb. 20, 2005)(Complainant's Response to Agency's Motion for Decision Without a Hearing and Summary Judgment); see also Ex. 1, Randa Aff. ¶ 3. Further, relevant personnel records are maintained in South Burlington, Vermont. Id. ¶ 2. Accordingly, dismissal of this case in entirety for improper venue is appropriate. Alternatively, this suit or any claims surviving disposition of this motion should be transferred to the Eastern District of Virginia. See 28 U.S.C. § 1406(a).

4

## II.    STANDARD OF REVIEW

### A.    Dismissal for Lack of Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1))

"A motion under 12(b)(1) 'presents a threshold challenge to the court's jurisdiction.'"  Gardner v. U.S., No. CIV. A. 96-1467EGS, 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999), aff'd, 213 F.3d 735 (D.C. Cir. 2000) and cert. denied, 531 U.S. 1153 (2001), quoting, Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir.1987); see also 4 Wright & Miller:  Federal Prac. & Proc. § 1350 (R12)(2002 Supplement)("...subject matter jurisdiction deals with the power of the court to hear the plaintiff's claims in the first place, and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power.")

A court may resolve a motion to dismiss brought pursuant to Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.  Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and  other extrinsic information, and ultimately weigh the conflicting evidence.  See id.; see also Cureton v. United States Marshal Service, 322 F.Supp.2d 23, 2004 WL 1435124, *2 (D.D.C. June 28, 2004).

### B.    Motion for Failure to State a Claim (Fed. R. Civ. P. 12(b)(6))

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) should be granted if the plaintiff can prove no set of facts in support of his claim that would entitle him to

relief.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Although the plaintiff is given the benefit of all inferences that reasonably can be derived

from the facts alleged in the complaint, the court need not accept inferences that are not

supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the

form of factual allegations.  Id.  Additionally, if a party relies on matters outside the

pleading to support a motion to dismiss pursuant to Rule 12(b)(6), such motion is treated

and disposed as one for summary judgment pursuant to Rule 56 of the Federal Rules of

Civil Procedure.  Fed. R. Civ. P. 12(b)(6).

### C.    Summary Judgment (Fed. R. Civ. P. 56)

Summary judgment may be granted when the pleadings and evidence demonstrate

that there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986);

Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  A genuine issue is one that

could change the outcome of the litigation.  See Anderson v. Liberty Lobby, Inc, 477 U.S.

242, 243 (1986).  While all evidence and the inferences drawn therefrom must be

considered in the light most favorable to the nonmoving party, see Matsushita Elec.

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), the nonmoving party - when

faced with a summary judgment motion - has the burden of establishing more than the

"mere existence of a scintilla of evidence" demonstrating a genuine issue in dispute for

purposes of defeating the moving party's motion.  See Lester v. Natsios, 290 F.Supp.2d

6

11, 19-20 (D.D.C. 2003), citing Anderson v. Liberty Lobby, Inc., 477 U.S. at 255.  "If the

evidence is merely colorable, or is not significantly probative, summary judgment may be

granted." Id. at 249-250.  As the Supreme Court has stated, "[o]ne of the principle

purposes of the summary judgment rule is to isolate and dispose of factually unsupported

claims or defenses."  Celotex, 477 U.S at 323-324.

**III.    ARGUMENT**

    **A.    Plaintiff's Claims With the Exception of That Related to Denial of
       Leave Without Pay to Prepare for the Bar Should Be Dismissed for
       Failure to Exhaust Administrative Remedies.**

    It is well-settled that a federal employee is prohibited from filing a civil action in

United States District Court under Title VII unless and until he has exhausted

administrative remedies. See e.g., Bayer v. U.S. Department of Treasury, 956 F.2d 330,

332 (D.C. Cir. 1992); Zografov v. Veterans' Administration Medical Center, 779 F. 2d

967, 968-70 (4th Cir. 1985); 42 U.S.C. s 2000e-16(c); Harris v. Attorney General of U.S.,

400 F.Supp.2d 24, 26 -27 (D.D.C. 2005); Aceto v. England, 328 F.Supp.2d 1, 5 (D.D.C.

2004). The administrative remedies exhaustion requirement is mandatory. Brown, 425

U.S. at 832-33; Albritton v. Kantor, 944 F. Supp. 966, 970 (D.D.C. 1996).  It is because

conciliation and internal agency resolution, rather than litigation, are the objectives of

Title VII that exhaustion of statutory administration remedies is a prerequisite to judicial

relief. See Siegal v. Kreps, 654 F.2d 773,  776-77 (1981); Anderson v. U.S. Postal

Service, 25 F.E.P. 938, 939 (D.D.C. 1981); see also Aceto, 328 F.Supp.2d at 5 ("A

predominant purpose of [the exhaustion] rule is to first attempt to resolve the matter informally.").

Further, "each discrete adverse employment action individually triggers Title VII's procedural" requirement to exhaust. Coleman-Adebayo v. Leavitt, 326 F.Supp.2d 132, 137 (D.D.C. 2004), amended on reconsideration in part by, 400 F.Supp.2d 257 (D.D.C. 2005), citing, National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). Discrete discriminatory or retaliatory actions are not actionable if time-barred, i.e., not exhausted, "even when they relate to acts alleged in timely filed charges." Id. (emphasis omitted).

The exhaustion requirement "is satisfied if (1) there is a reasonable relationship between the allegations in the EEO charge and the civil complaint; and (2) the civil claim can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." Mack v. Strauss, 134 F.Supp.2d 103, 109 (D.D.C. 2001); see also Park v. Howard University, 71 F.3d 904, 907 (D.C. Cir. 1995), quoting, Chisholm v. United States Postal Service, 665 F.2d 482, 491 (4th Cir. 1981)("At a minimum, the Title VII claims must arise from 'the administrative investigation that can reasonably be expected to follow the charge of discrimination.'"); Coleman v. Runyon, No.CIV.A. 93-0016, 1996 WL 528855, *1 (E.D.Pa. March 11, 1996)("A Title VII claim is deemed included in the underlying administrative charge if there is a reasonable relationship between the allegations in the charge and the claim, *and* an investigation of the claim can reasonably

be expected to grow out of an agency investigation of the allegations in the charge.")(emphasis in original)(citation omitted).   For allegations to be reasonably related for purposes of exhaustion, the allegations "must have a factual relationship between them, i.e., they must "describe the same conduct and implicate the same individuals." Mack, 134 F.Supp.2d at 109, quoting, Cheek v. Western & Southern Life Ins. Co., 31 F.3d 497, 501 (7th Cir. 1995)(emphasis omitted).

Finally, failure to exhaust administrative remedies is an affirmative defense for which the defendant bears the burden of proof.  Harris, 400 F.Supp.2d at 27.  If defendant meets its burden, "the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense." Bowden v. U.S., 106 F.3d 433, 437 (D.C. Cir. 1997).

Here, plaintiff has failed to exhaust all claims with the exception of his claim related to denial of leave without pay to prepare for the bar examination.  Ex. 2,Weaver Ltr.  The June 15, 2004 letter from the Office of Equal Employment Opportunity ("EEO Office"), U.S. Citizenship and Immigration Services, to plaintiff expressly stated that only one claim, i.e., alleged denial of leave without pay, was accepted for investigation.  Id. at 1.  In the letter, plaintiff was additionally informed that he should contact the EEO Office within five calendar days after receipt of the letter if  he believed that the accepted claim had not been correctly framed.  Id. at 2.  He was also informed of the procedures for both reporting additional allegations or incidents and the processing of those additional

9

allegations.  Specifically, plaintiff was informed that such claims must be submitted to the

EEO Director in writing.  Id.  After which, the Director would make a determination on

whether the claims raised new allegations or were like those accepted in the letter.  Id.  If

the former, plaintiff would have to seek EEO counseling.  Id. at 2.  There is no indication

that plaintiff properly sought to amend his allegation related to denial of leave without

pay by alleging like or related claims, or sought to raise new allegations by seeking EEO

counseling (and exhausted on those new claims[1]), see, e.g. Lucas-Bolden v. Potter, No.

Civ. A. 04-2074 RBW, 2005 WL 3273725, *2 (D.D.C. Sept. 29, 2005).  Accordingly, the

only claim that is properly before this Court is the allegation based on  denial of leave

without pay.   All other claims should be dismissed for lack of subject matter jurisdiction

(see, e.g. Sykes v. James, No. Civ. A. 04-2031(RBW), 2005 WL 3544294, *4 (D.D.C.

Dec. 27, 2005)) or failure to state a claim upon which can be granted.  Alternatively,

summary judgment should be granted to defendant on these claims.

---

[1]On September 27, 2004, plaintiff filed a second administrative discrimination
complaint which included, among other allegations, a claim that his supervisor failed to
prepare the paperwork needed for plaintiff to receive his career ladder promotion to the
GS-11 in a timely manner.  Ex. 6. It is not entirely clear from plaintiff's complaint that he
has exhausted the claims in this second administrative complaint particularly since he
only expressly references the May 2004 administrative complaint and the EEOC decision
related thereto in his amended complaint before this Court.  See Pl.'s Compl., pp. 1-2 and
¶ 29.   To the extent that plaintiff produces evidence of exhaustion, the claim should
nevertheless be dismissed on venue grounds or alternatively the claim should be
transferred for reasons explained herein.  Apparently, in December 2005, plaintiff filed a
third administrative complaint dealing with non-selection but, given the time frame,
clearly has not exhausted his administrative remedies.  See 29 C.F.R. § 1614.407.

10

**B.    Denial of Leave Without Pay for One Month is Not Adverse Action.**

To make a <u>prima facie</u> case of discrimination or retaliation under Title VII, a plaintiff is required to demonstrate, among other matters, that an adverse personnel action took place.  <u>Douglas v. Pierce</u>, 707 F. Supp. 567 (D.D.C. 1988), <u>aff'd</u>, 906 F.2d 783 (1990); <u>Mitchell v. Baldrige</u>, 759 F.2d 80, 84 (D.C. Cir. 1985).  The District of Columbia Circuit affirmed in <u>Brown v. Brody</u>, 199 F.3d 446 (D.C. Cir. 1999), that a "common element for discrimination and retaliation claims against federal employers, and private employers, is . . . some form of legally cognizable adverse action by the employer." <u>Brown</u>, 199 F.3d at 453.

Further, the District of Columbia Circuit in <u>Brown</u> affirmed that, to state a discrimination or retaliation claim under Title VII, a plaintiff must demonstrate that he or she has suffered "materially adverse consequences affecting the terms, conditions, or privileges of her employment or her future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm." <u>Brown</u>, 199 F.3d at 457.  Specifically, to meet the "adverse personnel action" requirement, the plaintiff must make a "clear showing" of a "material adverse employment action," such as "'hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'"  <u>Id</u>. at 456 (<u>citing</u> <u>Meritor Savings Bank, FSB v. Vinson</u>, 477 U.S. 57 (1986)

11

and quoting Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761 (1998)) (other

citations omitted); see also Page v. Bolger, 645 F.2d 227, 233 (4th Cir.) (en banc), cert.

denied, 454 U.S. 892 (1981) ("personnel action" is one that contemplates "ultimate

employment decisions such as hiring, granting leave, discharging, promoting, and

compensating. . . . [not] interlocutory or mediate decisions having no immediate effect

upon employment conditions"); Crady v. Liberty National Bank and Trust Co., 993 F. 2d

132, 136 (7th Cir. 1993) ("a materially adverse change in the terms and conditions of

employment must be more disruptive than a mere inconvenience or an alteration in job

responsibilities"); Amiri v. Stoladi Property Group, -- F.Supp. 2d --, 2005 WL 3211682,

*4 (D.D.C. Oct. 4, 2005)(To maintain suit under Title VII, a plaintiff "must suffer an

objectively tangible harm.")(citation omitted); Worth v. Jackson, 377 F.Supp.2d 177, 185

(D.D.C. 2005)("...to determine whether an action is colorable under Title VII, a personal

action should be examined to determine whether it produced an 'objectively tangible

harm' which is 'adverse in an absolute sense,' Brown, 199 F.3d at 457-58, thereby having

an 'immediate effect on employment.' Russell [v. Principi], 257 F.3d [815,][] 818 [(D.C.

Cir. 2001)] (quoting Mungin v. Katten, Muchin & Zavis, 116 F.3d 1549, 1555 (D.C. Cir.

1997).")); Cromer-Kendall v. District of Columbia, 326 F.Supp.2d 50, 60-61 (D.D.C.

2004).

        Indeed, the courts have firmly resisted intervening in grievances that would result

in "judicial micromanagement of business practices" and are at most based on mediate

12

employment decisions to which an employee disagrees.   See  Russell v. Principi, 257

F.3d 815, 818 (D.C. Cir. 2001), quoting Smart v. Ball State Univ., 89 F.3d 437, 441 (7th

Cir. 1996) and Mungin v. Katten, Muchin & Zavis, 116 F.3d 1549, 1556 (D.C. Cir.

1997); see also Brodetski v. Duffey, 141 F. Supp. 2d 35, 44 (D.D.C. 2001) (citations

omitted) ("courts cannnot be wheeled into action for every workplace slight, even one that

was possibly based on protected conduct").

    Based on these standards, plaintiff's claim related to denial of leave without pay to

prepare for the bar examination should be dismissed for failure to allege an adverse

action. See, e.g. Fridia v. Henderson, No. 99 Civ. 10749(BSJ), 2000 WL 1772779,  *7

(S.D.N.Y. Nov.30, 2000) (plaintiff's allegations including denial of leave with pay,

excessive workload, and mistreatment by supervisor do not constitute adverse

employment actions); see also Griffin v. Potter, 356 F.3d 824, 829 (7th Cir. 2004)(refusal

to approve annual leave requests when work was backlogged does not constitute an

adverse employment action); Campbell v. Henderson, No. 00 C 6837, 2002 WL 1732361,

*8 (N.D.Ill. July 26, 2002)(three denials of annual vacation leave do not constitute

adverse employment action).

    As an initial matter, plaintiff's supervisor proposed an eminently reasonable,

comparable alternative to plaintiff's leave request, i.e., suggesting that plaintiff divide the

considerable amount of leave into two week increments.  Ex. 4, Howard Aff. ¶ 7.  Any

material difference between the time proposed by plaintiff (i.e., one month) and the

13

alternative offered by plaintiff's supervisor (i.e., division of the requested leave into two week increments) is naught, and thus, insufficient for purposes of establishing an adverse action.

Further, plaintiff does not allege that he lost any pay. He also does not allege that his employment benefits were adversely impacted by denial of leave. Additionally, any career or employment benefit that might have resulted from granting of the leave for the requested purpose is firmly within the realm of speculation, and thus, not the type of harm contemplated for purposes of maintaining a claim pursuant to Title VII. Aquilino v. University of Kansas, 268 F.3d 930, 936 (10th Cir. 2001)("Speculative harm does not constitute adverse employment action."); Davis v. Town of Lake Park, Florida, 245 F.3d 1232, 1239 (11th Cir. 2001)( To allege actionable injury under Title VII, the alleged wrongdoing must impact the "terms, conditions, or privileges" of employment in a "real and demonstrable way."); Probst v. Ashcroft, 25 Fed.Appx. 469, 2001 WL 1669397 (7th Cir. Dec. 28, 2001)(unpub.)("Hypothetical possibilities are not materially adverse employment actions.") Accordingly, plaintiff's claim based on denial of leave without pay to prepare for the bar examination should be dismissed for failure to state a claim upon which relief can be granted. See, e.g. Mitchell v. Yates, -- F.Supp.2d --, 2005 WL 3200750 (D.D.C. Oct. 18, 2005)("...an adverse action is a prerequisite to bringing suit" under Title VII.)

**C.      Agency Had Legitimate, Non-Discriminatory Reasons for Denying the Leave Without Pay.**

**1.      Legal Standard for Discrimination Claims**

Discrimination claims are resolved under the burden-shifting standard first set forth in McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973).  The burdens of production first shift from employee to employer.  The plaintiff must first, by a preponderance of the evidence, establish a prima facie case of discrimination.  See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993).  The Supreme Court has explained that the elements of a prima facie case of discrimination may differ from case to case.  See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 n.6 (1981). The fundamental requirement, however, is that the prima facie case, without additional proof to the contrary, give rise to an inference that the defendant's conduct was discriminatory.  See Simens v. Reno, 960 F. Supp. 6, 8-9 (D.D.C. 1997).  As a general matter, therefore, to establish a prima facie case of discrimination under Title VII, a plaintiff must demonstrate by a preponderance of the evidence that (1) he was a member of a protected group, (2) as indicated supra, an adverse employment action took place, and (3) the unfavorable action gives rise to an inference of discrimination. Teneyck v. Omni Shoreham Hotel, 365 F.3d 1139, 1150 (D.C. Cir. May 7, 2004);  Stella v. Mineta, 284 F.3d 135, 145 (D.C. Cir. 2002).

If the employee succeeds in establishing a prima facie case of discrimination, the employer then must introduce evidence of a legitimate, nondiscriminatory reason for its

action.  See McDonnell Douglas, 411 U.S. at 802.  The burden on the employer is one of production, not persuasion - "it can involve no credibility determination."  Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 144 (2000), quoting, Hicks, 509 U.S. at 509.

Once it is established that both parties have met their respective burdens of production (i.e., plaintiff by presenting a prima facie case and defendant by producing a non-discriminatory reason for its actions), the burden shifting scheme becomes irrelevant. Hicks, 509 U.S. at 510.  Then, the plaintiff must establish, by a preponderance of the evidence, that the defendant's actions were a pretext for a discriminatory motive.  See, e.g. Price v. Greenspan, 374 F.Supp.2d 177, 186 (D.D.C. 2005).

A plaintiff must present substantial and credible evidence of discrimination in order to survive a motion for summary judgment.  See Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999) ("Accepting [some] conclusory allegations as true, therefore, would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial."); Carpenter v. Federal Nat'l Mortgage Ass'n, 165 F.3d 69, 72 (D.C. Cir. 1999) (if plaintiff merely shows that the legitimate nondiscriminatory reason offered by the employer is a pretext for a decision intending to cover up an unsavory reason – but one that is not illegal under the anti-discrimination law – the plaintiff is not entitled to try issues of fact, and summary judgment for the employer is appropriate.); Hastie v. Henderson, 121 F. Supp. 2d, 72, 77

(D.D.C. 2000) aff'd, No. 00-5423, 2001 WL 793715 (D.C. Cir. 2001) ("To defeat a

motion for summary judgment, a plaintiff cannot create a factual issue of pretext with

mere allegations or personal speculation, but rather must point to 'genuine issues of

material fact in the record.'"); Woodruff v. DiMario, 164 F. Supp. 2d 1, 5 (D.D.C. 2001),

aff'd, 2002 WL 449776 (D.C. Cir. Feb. 21, 2002).  Additionally, there will be "instances

where, although the plaintiff has established a prima facie case and set forth sufficient

evidence to reject the defendant's explanation, no rational factfinder could conclude that

the action was discriminatory."  Weigert v. Georgetown University, 120 F. Supp. 2d 1, 22

(D.D.C. 2000), quoting, Reeves v. Sanderson Plumbing Co., 530 U.S. 133 (2000).

### 2.    Legal Standard for Retaliation Claims

The burden shifting analysis of McDonnell Douglas, 411 U.S. 792 (1973), in

discrimination cases applies with equal force to retaliation claims under Title VII. See

Holbrook v. Reno, 196 F.3d 255, 263 (D.C. 1999) (citing Carney v. The American Univ.,

151 F.3d 1090, 1094 (D.C. Cir. 1998)). In that vein, a plaintiff can establish a prima facie

case of retaliation when he demonstrates that (1) he engaged in protected activity; (2) he

was subject to an adverse action by his employer; and (3) there is a causal link between

the adverse action and the protected activity. Mitchell v. Baldridge, 759 F.2d 80, 86 (D.C.

Cir. 1985).

If the plaintiff is able to establish a prima facie case of retaliation, the burden of

production shifts to the defendant to articulate a legitimate non-discriminatory reason for

the challenged action.  Burdine, 450 U.S. 248 (1981) (defendant's burden articulated for

Title VII cases).  Unless the employee succeeds in discrediting the employer's

explanation, the employer prevails.  See Sami v. Billington, 195 F.3d 1, 3 (D.C. Cir.

1999).

### 3.    Agency's Business Reason for Denying Leave Without Pay

As indicated above, plaintiff's claim related to denial of leave without pay is not

an adverse action.  Thus, plaintiff fails to establish a prima facie case of discrimination or

retaliation, and the claim should be dismissed on this basis.  However, even assuming

solely for the purpose of argument that his claim might constitute an adverse employment

action under Title VII, the record demonstrates here that the Agency had legitimate,

nondiscriminatory business reasons for denying the leave.  Specifically, plaintiff's

supervisor denied the request because of the workload demands of the office.  Ex. 4,

Howard Aff. ¶ 6.    Accordingly, in addition to the reasons discussed herein, plaintiff's

claim based on denial of leave without pay should be dismissed because defendant has

produced legitimate reasons for its determination and plaintiff cannot demonstrate that the

determination was tainted with an unlawful discriminatory or retaliatory animus.

### D.    This Suit Should Be Dismissed for Lack of Venue, or Alternatively, the Suit or Any Surviving Claims Transferred.

Generally speaking, venue must be established for each cause of action.  Lamont v.

Haig, 590 F.2d 1124, 1135 (D.C. Cir. 1978); Hayes v. RCA Service Co., 546 F. Supp.

661, 664 (D.D.C. 1982).  Title VII creates a limited waiver of the government's sovereign

18

immunity from suit and stands as a bar to jurisdiction by any federal district court that does not meet its venue provision.  Archuleta v. Sullivan, 725 F. Supp. 602, 603-04 (D.D.C. 1989).

Venue for purposes of plaintiff's Title VII claims lies in the U.S. District Court for the Eastern District of Virginia.  Specifically, for actions alleging unlawful employment discrimination under Title VII, a plaintiff can bring an action: (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such a practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(f)(3); see also Elezovic v. England, No. Civ.A. 03-0131(JDB), 2003 WL 22383583, *1 (D.D.C. Oct. 20, 2003).  However, in a situation in which the defendant cannot be brought before a court under any of the three situations described supra, and only in this instance, venue will be proper where the defendant's principal office is located. Id.

Venue in the District of Columbia is not proper under any of the first three enumerated standards listed above.  Specifically, plaintiff was an employee at the Department of Homeland Security in offices located in Arlington, Virginia and the alleged wrongdoing occurred while he was working at that location.  Ex. 5, p. 1; see also Ex. 1,  Randa Aff. ¶ 3.  Second, records pertaining to this matter are not maintained in the

District of Columbia but in South Burlington, Vermont.  Id. ¶ 2.  Third, plaintiff sets forth

no facts or assertions that his place of employment, but for the alleged discriminatory act,

would have been in Washington, D.C., as opposed to the Department of Homeland

Security in Virginia.  Thus, under the venue provisions of Title VII, and for purposes of

plaintiff's discrimination and retaliation claims, the Eastern District of Virginia  is the

appropriate jurisdiction for judicial review of plaintiff's case. Where venue is improperly

asserted, as in this case, the Court, pursuant to 28 U.S.C. § 1406(a), shall dismiss the

complaint or transfer the case.  Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d at

1100, 1102 (D.C. Cir. 1969).  Accordingly, in addition to reasons discussed above,

plaintiff's discrimination, retaliation and harassment claims should be dismissed on venue

grounds.

Alternatively, pursuant to 28 U.S.C. § 1406(a), the Court should transfer this suit,

or any claims surviving disposition on this motion, to the Eastern District of Virginia.

The statutory provision at  28 U.S.C. § 1406(a) provides that when faced with a complaint

laying venue in the wrong district, the district court in which it was filed may, in the

interest of justice, transfer it to a district in which it could have been brought. Should this

Court deem it appropriate, it may transfer plaintiff's claims to the Eastern District of

Virginia.  See Ramirez v. England, No.Civ.A. 02-742(RBW), 2002 WL 32137121

(D.D.C. Dec. 6, 2002).

IV.    **CONCLUSION**

For reasons stated herein, defendant moves to dismiss this suit or for summary judgment.  Alternatively, this suit or any claims surviving this motion should be transferred to the Eastern District of Virginia.

Respectfully submitted,

/s/ Kenneth L. Wainstein /dvh
_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

/s/ R. Craig Lawrence
_____
R. CRAIG LAWRENCE, DC BAR # 171538
Assistant United States Attorney

/s/ Beverly M. Russell
_____

Of counsel:                             BEVERLY M. RUSSELL, DC Bar #454257
Mark A. Allen, Esq.                     Assistant United States Attorney
Department of Homeland Security         U.S. Attorney's Office for the
U.S Citizenship & Immigration Svcs.       District of Columbia
20 Massachusetts Ave., NW               555 4th Street, N.W., Room E-4915
Washington, D.C.  20529                 Washington, D.C.  20530

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of *Defendant's Motion to Dismiss, for Summary Judgment, or to Transfer Plaintiff's Amended Complaint* was made by the Court's Electronic Case Filing System and by first class, postage prepaid mail, this <u>20th</u> day of January, 2006 to:

Charles Sam
3616 Pear Tree Court, #32
Silver Spring, Maryland 20906


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney