U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536



**U.S. Citizenship and Immigration Services**

JUN 1 5 2004

Mr. Charles Sam
3616 Pear Tree Court, #32
Silver Springs, MD 20906

Re:   Complaint No.: CIS-04-E065
      Date Filed: May 3, 2004

Dear Mr. Sam:

The purpose of this letter is to inform you of the acceptance, in part, of your complaint of discrimination filed on May 3, 2004. Your complaint has been assigned number CIS-04-E065 and has been accepted on the basis of sex (Male), reprisal, and national origin (Ghanaian). You allege the following issues:

1. Co-workers made derogatory comments when they alluded that individuals from your country of origin had lied, forwarded an electronic mail message to you that was critical of immigrants, and accused him of being unpatriotic when you criticized the war in Iraq;

2. A supervisor questioned you about whether American slaves had come from your country of origin, and made comments to your supervisor about you losing files and allegedly eating your lunch in an interview room; and

3. Management refused your request to take the month of June 2004 off from work without pay in order to study for a bar examination, even though, at the time, there were no interviews scheduled for that period.

Allegation number 3 has been accepted for investigation. You will receive notification regarding the assignment of an Equal Employment Opportunity (EEO) investigator under separate cover. Please be advised that all other references contained in the formal complaint will be used as background information to support the accepted issues.



Exhibit 4
Page 1 of 7

Mr. Charles Sam
Page 2

If you believe that the accepted issue in this complaint has not been correctly framed, please notify me in writing (certified mail), within five (5) calendar days after you receive this letter. You must specify why you believe the issues have not been correctly identified. If you fail to notify me within this timeframe, I will conclude you agree that the issue has been properly identified.

To obtain information about the EEO Alternative Dispute Resolution (ADR) Program, please contact your servicing Office of EEO at (802) 872-4500. A copy of the program procedures may be immediately downloaded from the "EEO News and Views" electronic mail bulletin board.

If you wish to report additional allegations or incidents, they must be submitted to the Director, EEO, in writing. If the Director concludes that the additional allegations do not raise a new issue but rather provide additional evidence or are like or related to the allegations accepted in this letter, your complaint may be amended to include these allegations. If the Director concludes that the additional allegations raise a new issue, you will be required to seek counseling. You will be notified of the Director's decision in writing.

With regard to issues 1 and 2, under Title 29 CFR 1614.107(a), an agency may dismiss a complaint, or portion of a complaint, that fails to state a claim under subsections Title 29 CFR 1614.103 or 1614.106(a). To state a claim, an individual must be an "aggrieved employee" within the scope of Title 29 CFR 1614.103, which the Equal Employment Opportunity Commission (EEOC) has defined as one who sustains a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. Diaz v. Department of the Air Force, EEOC Request No. 05931049 (1994). "An agency is required to address EEO complaints only when filed by an individual who has suffered direct, personal deprivation at the hand of the employer; the agency's act must have caused some concrete effect on the aggrieved person's employment status." Quinones v. Department of Defense, EEEOC Request No. 05920051 (1992).

In this case, in issues 1 and 2, you allege you were subject to harassing conduct by co-workers and a supervisor. The EEOC has held that, "Where a complaint does not challenge an agency action or inaction regarding a specific term, condition, or privilege of employment, a claim of harassment is actionable only if, allegedly, the harassment to which the complainant has been subjected was sufficiently severe or pervasive to alter the conditions of the complainant's employment." Wagner v. Postal Service, EEOC Appeal No. 01A23390 (2003). "It is well-settled that, unless the conduct is very severe, a single incident or a group of isolated incidents will not be regarded as creating a discriminatory work environment." Cassidy v. V.A., EEOC Request No. 01971338 (1997).

Specifically, with regard to issue 1, you allege that a co-worker made a remark accusing applicants of lying, which you later determined related to an individual from your country of origin, and that another co-worker forwarded you an e-mail criticizing immigrants and accused

Exhibit 4
Page 2 of 7

Mr. Charles Sam
Page 3

you of being unpatriotic. In issue 2, you allege that a member of management questioned you about whether American slaves had come from your country of origin, and also made remarks to your supervisor about you losing files and eating your lunch in an interview room.

With regard to the actions of the co-workers you identify, these incidents did not occur with the frequently necessary as to characterize them as pervasive, as you assert that the e-mail was sent to you some time during the second half of 2003 and the comment about your patriotism was made on April 21, 2004. Furthermore, although you contend that you found the co-workers comments offensive, you assert that when these incidents occurred you often chose to just ignore them. Thus, the record fails to reflect that these incidents were either severe or pervasive enough to state a claim of hostile work environment harassment.

Furthermore, with regard to the conduct of the supervisor, although the actions you identify occurred more closely in time than those of the co-workers, these incidents were not severe enough to state a claim of harassment. Also of note, you state that the comments concerning your files and lunch were not made directly to you, but, rather, were made to your supervisor who then relayed the information about the comments to you. Based on applicable regulations and case law, these isolated incidents were not severe enough to have created a hostile environment. See Liverpool v. Postal Service, EEOC Appeal No. 01A14975 (2001)(allegations that supervisor spoke to employee in a rude and disrespectful tone and accused him of eating and drinking on the workroom floor failed to state a claim as the terms of his employment were not impacted and the conduct was not severe enough to constitute harassment).

Title 29 CFR 1614.107(a)(1) provides that the agency shall dismiss a complaint or portion of a complaint:

> That fails to state a claim under Parts 1614.103 or 1614.106(a) or states the same claim that is pending before or has been decided by the agency or Commission.

Accordingly, the matters raised in issues 1 and 2 are dismissed in accordance with Title 29 CFR 1614.107(a)(1).

## NOTICE OF RIGHTS

The decision not to accept one or more issues for investigation is reviewable by an EEOC Administrative Judge (AJ) and the Department of Homeland Security, Office of Civil Rights and Civil Liberties (OCRCL). If you request a hearing and the EEOC AJ believes that all or a part of our reasons are not sound, the entire complaint or all of the portions not meeting the criteria for dismissal will continue in the hearing process. The EEOC AJ's decision on the partial dismissal may be appealed by either party after final action is taken on the complaint.

Exhibit 4
Page 3 of 7

Mr. Charles Sam
Page 4

If you request a final agency decision without a hearing, OCRCL will issue a decision addressing all claims in your complaint, including a review of the rationale for dismissing part of your complaint and its findings on the merits of the remainder of your complaint. You have the right to appeal the final agency decision to the EEOC. Your appeal rights will be included in the OCRCL decision.

You also have the right to file a civil action in an appropriate United States District Court following Title 29 CFR 1614.407. If you choose to file a civil action, you may do so:

- within 90 days of receipt of the final decision if no appeal has been filed, or

- within 90 days of receipt of the EEOC's final decision on your appeal, or

- after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the EEOC, or

- after 180 days from the date of the filing of the complaint if an appeal has not been filed and a final agency decision has not been issued.

In your appeal or civil action, you must name the appropriate agency or Department head as the defendant. In you case, you must name the Secretary of the Department of Homeland Security, Thomas J. Ridge. Failure to provide this information may result in the dismissal of his case.

If you decide to file a civil action under Title VII or under the Rehabilitation Act, and if you do not have or cannot afford an attorney, you may request that the court appoint an attorney to represent you. The court may permit you to file the action without payment of fees, costs or other security. The granting or denial of the request is within the sole discretion of the court. Filing a request for an attorney does not extend your time to file a civil action.

Sincerely,

*D. Diane Weaver*
Director
Office of Equal Employment Opportunity

Exhibit 4
Page 4 of 7

U.S. Department of Homeland Security
Bishop Henry Whipple Federal Building
One Federal Drive, Room G-56C
Twin Cities, MN 55111-4007



**U.S. Citizenship and Immigration Services**

JUN 1 5 2004

MEMORANDUM FOR:   PHYLLIS HOWARD
                  DIRECTOR
                  WASHINGTON FIELD OFFICE

FROM:             D. Diane Weaver
                  Director
                  Office of Equal Employment Opportunity

SUBJECT:          Complaint of Discrimination Filed by Charles Sam,
                  Complaint No. CIS-04-E065

This memorandum is to inform you that I have accepted for processing a formal complaint of discrimination filed on May 3, 2004 (copy attached), by Charles Sam, District Adjudication Officer.

The complainant has identified individuals in your office as the parties responsible for the alleged discriminatory action. For your information, I am attaching general guidance on the rights and responsibilities of supervisors and managers in the Equal Employment Opportunity (EEO) complaint process. Please read the attachment carefully.

Charles Sam alleges discrimination on the bases of sex (Male), national origin (Ghanaian), and reprisal (prior EEO activity) when:

> Management refused his request to take the month of June 2004 off from work without pay in order to study for a bar examination, even though, at the time, there were no interviews scheduled for that period.

Information collected in the EEO process is subject to the provisions of the Privacy Act of 1974 (5 U.S.C. 552a). Some of the statements and other documents in this correspondence may include information of a personal sensitive nature, and you should be mindful of this fact before you reveal or provide any such information to a third person. Additional guidance applicable to

Exhibit 4
Page 5 of 7

Complaint of Discrimination Filed By Charles Sam,
Complaint No. CIS-04-E065
Page 2

EEO complaint processing is contained in Title 29 Code of Federal Regulations, Part 1614 and the DHS Complaints Processing Guide.

The EEO Alternative Dispute Resolution (ADR) Program was established to provide an alternative procedure for the resolution of EEO complaints, while guaranteeing due process in the regulatory and legal arenas to all parties involved. The program is specifically designed to assist the parties in developing a mutually agreeable resolution by being actively involved in the problem-solving and resolution efforts. You may request to participate by contacting your servicing office of EEO at (802) 872-4500.

If you have any questions about complaint processing procedures, please have one of your staff members contact EEO Specialist Buddy Sapp at (612) 467-7029.

Attachments (2)

cc: Peter Gregory, Office of the Principal Legal Advisor

Exhibit 4
Page 6 of 7

## FEDERAL SECTOR EEO COMPLAINTS PROCESSING

### RESPONSIBILITIES OF MANAGERS AND SUPERVISORS

The EEOC continues to express the view that an individual who is named or is identified as the person responsible for the action which gave rise to a complaint is a witness whose participation in the complaint process should not be materially different from that of any other witnesses.

From a legal standpoint, complaints filed against federal agencies as entities regardless of whether a complainant names or identifies the person responsible for the action that gave rise to the complaint.

The agency is responsible for remedial action in the event that it is determined that the complainant has been discriminated against illegally. Agencies must determine on a case-by-case basis, whether individual employees should be disciplined. However, the disciplinary matter is a matter separate from whether discriminatory conduct has occurred. The primary purpose of the complaint process is to determine whether discriminatory conduct occurred and not to provide a separate set of rules for agency officials who are identified as being responsible for the actions that gave rise to the allegations of discrimination.

Only those materials that will enable the Responding Management Official (RMO) to provide relevant information to the EEO investigator will be made available for review. (Examples: complaint, counselor's report, and complainant's affidavit). The matter of exactly what information and materials are made available to the RMO for purposes of obtaining complete information is a judgment call to be made by the EEO investigator/EEO Office (and not by the RMO), and it should be consistent with the objective of obtaining relevant information for purposes of conducting a complete and thorough investigation. Providing file information that goes beyond the guidelines could expose the agency to liability under the Privacy Act.

The Responsible Management Official should be informed of the right to be represented at any stage of the EEO complaint process.

The Responsible Management Official may be kept apprised of the status of the informal/formal complaint at all times.

To obtain information about the INS Equal Employment Opportunity (EEO) Alternative Dispute Resolution (ADR) Program, please contact your servicing office of EEO, Headquarters Region Office of EEO, at (202) 514-2732. A copy of the program procedures may be immediately downloaded from the INS "EEO News and Views" electronic mail bulletin board.

For additional information, officials should consult Judy S. Maltby, Chief, Complaints Program Management Office, on (612) 467-7395.

Exhibit 4
Page 1 of 1