Apr-12-2005  03:47pm   From-EQUAL EMPLOYMENT OP                    T-039   P 003/009   F-030

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1801 L. Street, N.W., Suite 100
Washington, D.C. 20507

| | |
|---|---|
| Charles Sam, )<br>  Complainant, ) | EEOC No. 100-2005-00013X |
| ) | |
| v. ) | |
| Michael Chertoff, Secretary, ) | |
| U.S. Department of Homeland ) | |
| Security, ) | |
| (Citizenship and Immigration ) | |
| Services), ) | Agency No. CIS-04-E065 |
|   Agency. ) | |
| ) | April 12, 2005 |

## DECISION

This Decision is issued pursuant to 29 C.F.R. § 1614.109(g) (2004). This Office issued a Notice of Intent to Issue a Decision Without a Hearing on January 13, 2005. The Agency filed a Motion for Summary Judgment ("Motion") on January 28, 2005. Complainant filed a Response to the Motion dated February 20, 2005. On April 9, 2005, the Agency submitted a Reply to Complainant's Response.

## ISSUE

The issue is whether the Agency discriminated against Complainant based on his national origin (Ghanian), sex (male), and reprisal (Prior EEO activity) when the Agency refused Complainant's request to take the month of June 2004, off from work without pay to study for a bar examination, when Complainant had no interviews scheduled for that period. Report of Investigation ("ROI") at 4.



## ANALYSIS

Complainant has satisfied the procedural prerequisites for a hearing, but the evidence does not warrant one. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). I find that the Agency did not discriminate against Complainant.

The burden of establishing a *prima facie* case is not onerous. To establish a *prima facie* case of disparate treatment, a Complainant may demonstrate that he was treated less favorably than a similarly situated employee outside his protected group. *Furnco Constr. Corp. v. Waters*, 438 U.S. 567 (1978). Absent comparative data, Complainant may also establish a *prima facie* case by setting forth sufficient evidence to create an inference of discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981), n. 6; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

If Complainant establishes a *prima facie* case of discrimination, the burden then is on the Agency to articulate a legitimate, nondiscriminatory reason for its challenged actions. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-54 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the Agency does so, the *prima facie* inference drops from the case. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507, 510-11 (1993). Complainant then has to prove by a preponderance of the evidence that the proffered explanation is a pretext for unlawful discrimination. *Hicks*, 509 U.S. at 511; *Burdine*, 450 U.S. at 252-53; *McDonnell Douglas*, 411 U.S. at 804. Complainant always retains the ultimate burden of persuading the trier of fact that the Agency unlawfully discriminated against him. *Hicks*, 509 U.S. at 511; *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).

I find that the Agency can articulate legitimate reasons for the actions at issue here.

Apr-12-2005 03:47pm   From-EQUAL EMPLOYMENT OP                      T-039   P 005/009   F-030

Regarding Complainant's allegations that the Agency refused his request to take the month of June 2004, off from work without pay to study for a bar examination, even though Complainant had no interviews scheduled for that period of time. The Agency stated that its backlog of cases prevented Complainant to take the month of June off. ROI at 7 (Affidavit of District Director Phyllis Howard, Complainant's third line supervisor). Specifically Director Howard stated:

> I am sorry to say that I can't grant 30 days leave without pay for the month of June. June is the month that we have selected to work on the backlog of cases. I believe that you are aware of this. An alternate solution to your problem would be to take two weeks at a time separated by a month rather than one month at one time. I would not consider June at all due to the fact that we have arranged to work forward reducing your backlog. Consider the alternate solution that I have suggested.

ROI at 12g.

Director Howard further clarified her response stating that "Mr. Sam along with all the other employees working in his unit were aware in March 2004 that June would be the month that the employees would work toward reducing their backlog of cases." ROI at 7, p. 4. *See also* Reply at Affidavit of Phyllis A. Howard. As to Complainant's statement that he had no interviews scheduled for the month of June, Director Howard indicated that "We notified the employees in February or March why we were not scheduling interviews in June, which was to allow them to reduce their backlog, and improve customer service. Mr. Sam along with all other employees in the unit, was aware of this." ROI at p. 5; *See also* Reply at Affidavit of Phyllis A. Howard.

Complainant has failed to set forth adequate material facts that support his allegations of discrimination. Complainant's Response stated he believes he was wrongfully discriminated against; however, his Response only offers only conclusory statements and allegations. Conclusory assertions that the Agency's intention and motivation are questionable are not

enough to withstand a summary judgment motion. *Goldberg v. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1987); *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). Accordingly, because the Complainant has neither proffered nor identified evidence indicative of pretext, I find that his complaint cannot survive summary judgment.

Also, Complainant raised new allegations in his Response that he was subjected to a hostile work environment, such as being accused of eating lunch in his office; subjected to derogatory language by Director Howard whenever she requested files from him, and being sent a derogatory email from a coworker about foreigners who spoke their minds to leave the country. Although these allegations were not raised and accepted by the Agency, I conclude that Complainant failed to prove that the alleged conduct was sufficiently severe or pervasive as to constitute a hostile working environment. Although Complainant presents a number of instances in which he believes he was harassed or discriminated against, these incidents were merely isolated, common workplace occurrences. The Commission has repeatedly found that unless the conduct is very severe, a group of isolated incidents will not be regarded as creating a hostile work environment. *See Finney v. Dep't of Justice*, 2002 EEOCPUB LEXIS 5998, EEOC Appeal No. 01A10620 (August 27, 2002); *Phillips v. Dep't of Veterans Affairs*, EEOC Request No. 05960030 (July 12, 1996); *Banks v. Dep't of Health & Human Servs.*, EEOC Request No. 05940481 (February 16, 1995); *James v. Dep't of Health & Human Servs.*, EEOC Request No. 05940327 (September 20, 1994); *see also Harris v. Forklift Syss., Inc.*, 510 U.S. 17, 22 (1993).

Accordingly, I find that the Complainant has failed to establish that the alleged actions constituted harassment or culminated in the creation of a hostile working environment. I recognize that a reasonable person in Complainant's position may find some of the actions he endured to be difficult or frustrating. However, each of the actions alleged are common

workplace occurrences, and unless it is reasonably established that the actions were somehow abusive or offensive, and were taken in order to harass Complainant on any of his alleged bases, such everyday events are not sufficiently severe or pervasive so as to offend the general sensibility of an individual experiencing such occurrences in the workplace. *See generally Lynch v. U.S. Postal Serv.*, EEOC Appeal Number 01981027 (July 16, 1999); *Wolf v. U.S. Postal Serv.*, EEOC Appeal No. 01961559 (July 23, 1998); *Long v. Veterans Admin.*, EEOC Appeal No. 01950169 (August 14, 1997). Complainant's mere belief without more is insufficient to support his claim of a hostile work environment. *Peterson v. Dep't of Commerce*, 2003 EEOPUB LEXIS 6359, EEOC Appeal No. 01A24975 (November 12, 2003).

## CONCLUSION

For the reasons set forth above, I conclude that Complainant has raised no genuine issues of material fact or credibility that would require a hearing. *See Barbour v. Merril*, 48 F. 3d 1270, 1277 (D.C. Cir. 1995). Accordingly, the Agency's Motion For Summary Judgment is GRANTED.

Gerald M. Goldstein
Administrative Judge
(202) 419-0747
(202) 419-0739 or 0701 (fax)

## NOTICE

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. § 1614.109(b), 109(g) or 109(I). With the exception detailed below, the complainant may not appeal to the Commission directly from this decision. EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying the complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision. The complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. The complainant may file an appeal whether the Agency decides to fully implement this decision or not.

The Agency's final order shall also contain notice of the complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. § 1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

If the Agency has *not* issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, the complainant may file an appeal to the Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. The complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the Agency.

All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:

        Director
        Office of Federal Operations
        Equal Employment Opportunity Commission
        P.O. Box 19848
        Washington, D.C. 20036
        Facsimile (202) 663-7022

Facsimile transmissions over 10 pages will not be accepted.

Apr-12-2005 03:48pm   From-EQUAL EMPLOYMENT OP                          T-039  P 003/009  F-030

## COMPLIANCE WITH AN AGENCY FINAL ACTION

An Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. See 29 C.F.R. § 1614.504. If the complainant believes that the Agency has failed to comply with the terms of its final action, the complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within thirty (30) calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If the complainant is not satisfied with the Agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. The complainant may file such an appeal within thirty (30) calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least thirty-five (35) calendar days after complainant has served the Agency with the allegations of noncompliance.

A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within thirty (30) calendar days of receiving the notice of appeal.