EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 100
Washington, DC 20507

| | |
|---|---|
| CHARLES SAM, | ) EEOC Case No. 100-2005-00013X |
| Complainant, | ) |
| | ) Agency No. CIS-04-E065 |
| v. | ) |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security, | ) |
| Respondent Agency. | ) HONORABLE GERALD GOLDSTEIN ) ADMINISTRATIVE JUDGE |

## AFFIDAVIT OF PHYLLIS A. HOWARD

1. I am the District Director of the Washington District Field Office, United States Citizenship and Immigration Services, Department of Homeland Security.

2. I am the third line supervisor of Charles Sam, the complainant in the above-captioned action.

3. On July 13, 2004, I submitted a sworn statement to the EEO investigator in connection with this matter. This statement set forth the reasons why I denied Mr. Sam's request for Leave Without Pay for the entire month of June 2004.

4. Mr. Sam is a District Adjudication Officer. His duties include interviewing applicants seeking permission to work permanently in the United States and issuing decisions in their cases.

5. Early in 2004 I met with my managers to discuss the backlog of cases involving applicants seeking permission to permanently work in the United States. During one of these meetings, the managers and myself agreed upon the strategy of not holding applicant interviews in the month of June so that District Adjudication Officers could focus on issuing decisions in the backlogged cases.


DEFENDANT'S EXHIBIT 4 05-1777 RBW

6. Each manager promptly passed on this decision to their subordinates, including Mr. Sam. For this reason, I was surprised when I received Mr. Sam's request to take LWOP for the entire month of June. As noted in my affidavit of July 13, 2004, I denied the request because he was slated to work on his backlogged cases during that month. In my response to him, I suggested he submit a leave request avoiding June altogether, and dividing this large amount of leave into two week segments in different months.

7. It is my understanding that Mr. Sam is alleging that I granted extended leave to other DAO's for June 2004. I have recently reviewed the Time and Attendance records for USCIS for this period and they show the following:

    a. No DAOs were granted LWOP of any length during June 2004

    b. Only one DAO was given annual leave for more than one day at a time. This employee took 40 hours of accrued annual leave, which consisted of the last 3 days of June and the first two days of July. The employee at that time was planning to retire soon and did so in September 2004.

I declare under penalty of perjury that the foregoing is true and correct.

_Phyllis A. Howard_

Dated: April 8, 2005