

U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536

U.S. Citizenship
and Immigration
Services

NOV 1 5

Mr. Charles Sam
3616 Pear Tree Court, #32
Silver Springs, MD 20906

Re: Complaint No.: CIS-04-E110
Date Filed: September 27, 2004

Dear Mr. Sam:

The purpose of this letter is to inform you of the acceptance, in part, of your complaint of discrimination filed on September 27, 2004, and to correct the acknowledgement letter sent to you on or about September 29, 2004, which erroneously identified you complaint as agency case number CIS-04-E111. Your complaint has been assigned number CIS-04-E110 and has been accepted and has been accepted on the basis of sex (Male), reprisal (prior EEO activity), and national origin (Ghanaian). You allege the following issues:

1. Since 2003 you have been harassed by a supervisor when she has challenged your sign-in time, followed you around the office, and made some snide remarks about you to other employees;

2. On April 30, 2003, you received a Fully Successful rating on your annual performance review; and

3. Your supervisor failed to prepare the paperwork needed for you to receive a career ladder promotion to a GS-11 pay grade for which you qualified on July 29, 2004.

Allegation number 3 has been accepted for investigation. You will receive notification regarding the assignment of an Equal Employment Opportunity (EEO) investigator under separate cover. Please be advised that all other references contained in the formal complaint will be used as background information to support the accepted issues.



DEFENDANT'S EXHIBIT

Mr. Charles Sam
Page 2

If you believe that the accepted issue in this complaint has not been correctly framed, please notify me in writing (certified mail), within five (5) calendar days after you receive this letter. You must specify why you believe the issues have not been correctly identified. If you fail to notify me within this timeframe, I will conclude you agree that the issue has been properly identified.

To obtain information about the EEO Alternative Dispute Resolution (ADR) Program, please contact your servicing Office of EEO at (802) 872-4500. A copy of the program procedures may be immediately downloaded from the "EEO News and Views" electronic mail bulletin board.

If you wish to report additional allegations or incidents, they must be submitted to the Director, EEO, in writing. If the Director concludes that the additional allegations do not raise a new issue but rather provide additional evidence or are like or related to the allegations accepted in this letter, your complaint may be amended to include these allegations. If the Director concludes that the additional allegations raise a new issue, you will be required to seek counseling. You will be notified of the Director's decision in writing.

With regard to issue 1, under Title 29 CFR 1614.107(a), an agency may dismiss a complaint, or portion of a complaint, that fails to state a claim under subsections Title 29 CFR 1614.103 or 1614.106(a). To state a claim, an individual must be an "aggrieved employee" within the scope of Title 29 CFR 1614.103, which the Equal Employment Opportunity Commission (EEOC) has defined as one who sustains a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. Diaz v. Department of the Air Force, EEOC Request No. 05931049 (1994). "An agency is required to address EEO complaints only when filed by an individual who has suffered direct, personal deprivation at the hand of the employer; the agency's act must have caused some concrete effect on the aggrieved person's employment status." Quinones v. Department of Defense, EEEOC Request No. 05920051 (1992).

In issue 1, you allege you were subject to a hostile work environment when a former supervisor questioned your sign-in time, followed you around the office, and made snide comments about you to other employees. "Where a complaint does not challenge an agency action or inaction regarding a specific term, condition, or privilege of employment, a claim of harassment is actionable only if, allegedly, the harassment to which the complainant has been subjected was sufficiently severe or pervasive to alter the conditions of the complainant's employment." Wagner v. Postal Service, EEOC Appeal No. 01A23390 (2003). "It is well-settled that, unless the conduct is very severe, a single incident or a group of isolated incidents will not be regarded as creating a discriminatory work environment." Cassidy v. V.A., EEOC Request No. 01971338 (1997). In this case, the record fails to reflect that these incidents of which you allege were either sufficiently severe of pervasive to state a claim of hostile work environment harassment.

Title 29 CFR 1614.107(a)(1) provides that the agency shall dismiss a complaint or portion of a complaint:

Mr. Charles Sam
Page 3

> **That fails to state a claim under Parts 1614.103 or 1614.106(a) or states the same claim that is pending before or has been decided by the agency or Commission.**

Accordingly, the matters raised in issue 1 are dismissed in accordance with Title 29 CFR 1614.107(a)(1).

With regard to issue 2, Title 29 CFR 1614.105(a)(1) provides, in relevant part, that an aggrieved person must initiate contact with a counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action. In this case, the record reveals that you initially contacted the EEO counselor occurred on August 23, 2004, which was more than one year beyond when you should have contacted EEO with this allegation of discrimination.

Title 29 CFR 1614.105(a)(2) provides, in relevant part, that agencies or the EEOC shall extend the 45-day time limit when an individual shows that he or she was not notified of the time limits and was not otherwise aware of them, or that he or she did not know and reasonably should not have known that the discriminatory matter occurred. The EEOC has adopted a "reasonable suspicion" standard (as opposed to a "supportive facts" standard) to determine when the 45-day limitation period is triggered. Ball v. U.S. Postal Service, EEOC Request No. 05880247 (1988). Thus, the limitation period is not triggered until a complainant should reasonably suspect discrimination, but before all the facts that would support a charge of discrimination have become apparent. Bracken v. U.S. Postal Service, EEOC Request No. 05900065 (1990).

Agency records reveals that you have engaged in previous formal EEO activity and were, therefore, aware of the 45-day time limit for initiating EEO contact. See Duzant v. USPS, EEOC Request No. 01973954 (1999)(prior EEO counseling and complaints enough to establish prior knowledge of EEO process for purposes of dismissing untimely claims). Indeed, you failed to raise this issue in your previous EEO complaint even though you initiated EEO counseling on that complaint on or about March 1, 2004.

Therefore, based on the foregoing, the record indicates that you should reasonably have suspected discrimination with respect to the issue in question more than 45 days prior to the date on which you initially contacted EEO, but that you failed to act with due diligence in the pursuit of your claim. You have also failed to present information warranting an extension, estoppel or equitable tolling of the applicable time limit in which to initially contact EEO with an allegation of discrimination.

Title 29 CFR 1614.107(a)(2) provides that the agency shall dismiss a complaint or a portion of a complaint

Mr. Charles Sam
Page 4

> That fails to comply with the applicable time limits contained in 1614.105, 1614.106 and 1614.204(c), unless the agency extends the time limits in accordance with 1614.604(c), or that raises a matter that has not been brought to the attention of a Counselor and is not like or related to a matter that has been brought to the attention of a Counselor.

Accordingly, the matter raised in issue 2 is dismissed in accordance with Title 29 CFR 1614.107(a)(2).

### NOTICE OF RIGHTS

The decision not to accept one or more issues for investigation is reviewable by an EEOC Administrative Judge (AJ) and the Department of Homeland Security, Office of Civil Rights and Civil Liberties (OCRCL). If you request a hearing and the EEOC AJ believes that all or a part of our reasons are not sound, the entire complaint or all of the portions not meeting the criteria for dismissal will continue in the hearing process. The EEOC AJ's decision on the partial dismissal may be appealed by either party after final action is taken on the complaint.

If you request a final agency decision without a hearing, OCRCL will issue a decision addressing all claims in your complaint, including a review of the rationale for dismissing part of your complaint and its findings on the merits of the remainder of your complaint. You have the right to appeal the final agency decision to the EEOC. Your appeal rights will be included in the OCRCL decision.

You also have the right to file a civil action in an appropriate United States District Court following Title 29 CFR 1614.407. If you choose to file a civil action, you may do so:

- within 90 days of receipt of the final decision if no appeal has been filed, or

- within 90 days of receipt of the EEOC's final decision on your appeal, or

- after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the EEOC, or

- after 180 days from the date of the filing of the complaint if an appeal has not been filed and a final agency decision has not been issued.

In your appeal or civil action, you must name the appropriate agency or Department head as the defendant. In you case, you must name the Secretary of the Department of Homeland Security, Thomas J. Ridge. Failure to provide this information may result in the dismissal of his case.

Mr. Charles Sam
Page 5

If you decide to file a civil action under Title VII or under the Rehabilitation Act, and if you do not have or cannot afford an attorney, you may request that the court appoint an attorney to represent you. The court may permit you to file the action without payment of fees, costs or other security. The granting or denial of the request is within the sole discretion of the court. Filing a request for an attorney <u>does not extend your time</u> to file a civil action.

                    Sincerely,

                    D. Diane Weaver
                    Director
                    Office of Equal Employment Opportunity