UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES SAM, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1777(RBW) |
| | ) | |
| MICHAEL CHERTOFF, | ) | |
| Secretary, U.S. Department of Homeland | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH
DEFENDANT'S MOTION TO DISMISS, FOR SUMMARY JUDGMENT,
OR TO TRANSFER PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff's arguments in his Motion to Quash underscore the propriety of granting

the relief requested in Defendant's pending Motion.  Accordingly, Defendant requests

that this Court  deny Plaintiff's Motion to Quash, and additionally, dismiss this suit, enter

summary judgment in Defendant's favor or transfer this suit to the Eastern District of

Virginia.  Defendant addresses the specific arguments presented in Plaintiff's Motion to

Quash below.

**ARGUMENT**

**I.      Title VII is the Exclusive Remedy for Plaintiff's Claims.**

Although Plaintiff, in his Amended Complaint, states that he is bringing this suit

pursuant to "Title VII of the Civil Rights Act of 1964, as amended by the Equal

Opportunity Act of 1972 and the Civil Rights Act of 1991. . ., 42 U.S.C. § 2000e-16 *et*

*seq*.," Pl.'s Am. Compl., second page, he now asserts in his Motion to Quash that this

Court also has jurisdiction over his Complaint "under the Constitution, laws, or treaties of

the United States," Mem. P.&A. in Support of Pl.'s Mot. Quash, fifth page.

Notwithstanding the procedural defect that Plaintiff has not formally amended his

complaint consistent with Fed. R. Civ. P. 15(a) to assert new jurisdictional bases for his

suit, Plaintiff's argument regarding jurisdiction must also be rejected because Title VII

is, in fact, the sole, exclusive remedy for Plaintiff's claims. See Brown v. General

Services Administration, 425 U.S. 820, 835 (1976) (dismissing [42 U.S.C.] § 1981 claim

and holding that "Section 717 of the Civil Rights Act of 1964, as amended, provides the

exclusive judicial remedy for claims of discrimination in federal employment"); see also

Graves v. U.S., 961 F.Supp. 314, 322 (D.D.C. 1997).

Pertinent here, courts have extended the Brown reasoning "to reject litigants'

efforts to initiate discrimination claims against the federal government under the

Constitution or statutes other than Title VII." See Brug v. National Coalition for the

Homeless, 45 F. Supp. 2d 33, 42 (D.D.C. 1999) (dismissing § 1983, Fifth Amendment

and Fourteenth Amendment claims); see also Kizas v. Webster, 707 F.2d 524, 542 (D.C.

Cir 1983), cert. denied, 464 U.S. 1042 (1984) (Title VII "precludes actions [alleging

employment discrimination] against federal officials for alleged constitutional violations

as well as actions under other federal legislation."); Ward v. Kennard, 133 F.Supp.2d 54,

57 (D.D.C. 2000), recons. den. 200 F.R.D. 137 (D.D.C. 2001); Thorne v. Cavazos, 744 F.

Supp 348, 351-52 (D.D.C. 1990); <u>Graves v. U.S.</u>, 967 F.Supp. 572, 574 (D.D.C. 1997);

<u>Richards v. Merit Systems Protection Board</u>, 739 F.Supp. 657, 659 (D.D.C. 1990)(Court

rejected Plaintiff's constitutional claim since it raised the same discriminatory conduct as

that under Plaintiff's Title VII claim, the latter statutory scheme serving as Plaintiff's

exclusive remedy).   Accordingly, Plaintiff's attempt to establish this Court's jurisdiction

over his discrimination and retaliation claims through  statutory provisions other than

Title VII is impermissible and, thus, his argument in this regard should be rejected.

**II.      Plaintiff Has Failed To Exhaust His Administrative Remedies On Claims Other Than The Claim Related to Denial of Leave to Prepare for the Bar Examination.**

        The record reflects that Plaintiff exhausted only one claim in his Civil Complaint,

i.e., the claim related to denial of leave to prepare for the bar examination.  See Def.'s

Mot. Dismiss, Summ. J., or Transfer, Ex. 2, Letter from D. Diane Weaver, Director,

Office of Equal Employment Opportunity to Charles Sam, June 15, 2004.  Although

Plaintiff alleges that he wrote a detailed letter to Ms. D. Diane Weaver, Director, Office

of Equal Employment Opportunity, "stating his disagreement with the Agency point of

view" and "offering his version of what actually transpired at his employment location[,]"

Mem. P.&A. in Support of Pl.'s Mot. Quash, sixth and seventh pages, Plaintiff does not

assert that he sought EEO counseling on any claims unrelated to or unlike his denial of

leave claim, nor does he assert that the unexhausted claims are like or related to the leave

claim.

3

As a requirement of exhaustion, however, a plaintiff must initiate contact with an EEO counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action. 29 C.F.R. 1614(a)(1); see also Williams v. Chertoff, No. Civ. A. 05-211(RCL), 2005 WL 3200794, *2 (Nov. 1, 2005); James v. England, 332 F.Supp.2d 243-44 (D.D.C. 2004). This forty-five day regulation acts as a statute of limitations which can be tolled for equitable reasons. Id. at 244. A plaintiff must plead and prove any equitable reasons for failing to meet Title VII filing requirements, Allbritton v. Kantor, 944 F. Supp. 966, 971 (D.D.C. 1996)(citing Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 94-95 and Saltz v. Lehman, 672 F.2d 207, 209 (D.C. Cir. 1982)), and tolling of the filing requirements is only granted for good cause, James, 332 F.Supp.2d at 244.

Nothing in Plaintiff's Motion to Quash evidences that he properly exhausted his claims related to dissatisfaction with his performance appraisal, the "delay" in receiving his promotion, the Agency's alleged refusal to consider Plaintiff for permanent positions, and the Agency's alleged restrictions on Plaintiff visiting a colleague's office, Compl. ¶¶ 52 - 72. Nor does Plaintiff argue that these claims are like or related to the exhausted leave claim. Mack v. Strauss, 134 F.Supp.2d 103, 109 (D.D.C. 2001). Accordingly, given Defendant's argument that Plaintiff failed to exhaust administrative remedies which is well-supported by the evidentiary record, and Plaintiff's meritless argument in response

4

thereto, Defendant requests that the Court dismiss Plaintiff's unexhausted claims for lack of subject matter jurisdiction or failure to state a claim upon which relief may be granted.

**III.   Denial of Leave to Prepare for the Bar Examination is Not Adverse Action.**

Plaintiff argues that his one exhausted claim, i.e., denial of leave to prepare for the bar examination, alleges an adverse action because he has been unable to apply for legal positions "in the Agency since practically all such positions require having taken and passed a Bar examination." Mem. P.&A. in Support of Pl.'s Mot. Quash, eighth page. He also argues that, when he started his position at the Agency, "he did not anticipate remaining in the 'dead-end' [District Adjudications Officer] position eternally." Id. at seventh page. However, Plaintiff's "hoped for" or possible benefits resulting from being granted leave to prepare for the bar examination does not equate to a tangible adverse action for purposes of stating a claim under Title VII. Brown v. Brody, 199 F.3d 446 (D.C. Cir. 1999). As the 11th Circuit stated in Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001)(emphasis added),

> . . .it is clear that to support a claim under Title VII's anti-discrimination clause the employer's action must impact the "terms, conditions, or privileges" of the plaintiff's job in a *real and demonstrable way*. Although the statute does not require proof of direct economic consequences in all cases, *the asserted impact cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment*.

Here, any benefit that might have resulted from granting the leave as requested by Plaintiff is simply too tenuous to constitute "tangible harm." A potential lost opportunity to apply for some unidentified legal positions in the future with the Agency subject to a

condition precedent (i.e., Plaintiff actually passing the bar examination) simply does not

evidence a "material" or "real" adverse consequence to current or future employment for

purposes of establishing an adverse action under Title VII, and thus, maintaining suit

under the statute.   See, e.g. Maramark v. Spellings, No.Civ.A. 01-2206(CKK), 2006 WL

276979, *16 (D.D.C. Feb. 3, 2006)(In dismissing Title VII claim based on denial of a

detail, the Court noted that "[p]laintiff's claimed harm is the lost opportunity, in her

opinion, to prepare for an illusory position that was neither identified or assured." );

Frontline Communications Intern., Inc. v. Sprint Communications Co., 374 F.Supp.2d

368, 371-72 (S.D.N.Y. 2005)(Bare assertion that unable to secure future employment

without more cannot defeat summary judgment motion).  Accordingly, Plaintiff's claim

related to denial of leave should be dismissed.

**IV.    Venue Does Not Lie Here.**

        Plaintiff argues that venue is proper in this jurisdiction because the defendant

agency is headquartered in the District of Columbia.  Mem. P.&A. in Support of Pl.'s

Mot. Quash, ninth page.  He asserts that "[a]ll Federal Departments and Agencies are

intuitively presumed to be headquartered in, and directed from, Washington, DC...and

[a]ll major decisions are made and disseminated from Washington, DC."  Id. at eleventh

page.

        However, Plaintiff's unsupported argument is inconsistent with the legal standard

for jurisdiction in a Title VII case, namely that, venue is proper where defendant's

6

principal place of business is located only when jurisdiction cannot be established under one of the following circumstances: (1) in the judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such a practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(f)(3).

Here, jurisdiction can readily be established in the Eastern District for Virginia because  Plaintiff was an employee at the Department of Homeland Security in offices located in Arlington, Virginia and the alleged wrongdoing occurred while he was working at that location.  See Def.'s Mot. Dismiss, for Summ. J., or to Transfer, Ex. 5, p. 1 and Ex. 1, Affidavit of Allison Randa, ¶ 3 (January 20, 2006).  Further, the records pertaining to this matter are not maintained in the District of Columbia but in South Burlington, Vermont.  Id. ¶ 2.  Finally, Plaintiff sets forth no facts or assertions -- either in his Complaint or in his Motion to Quash -- that his place of employment, but for the alleged discriminatory act, would have been in Washington, D.C., as opposed to the Department of Homeland Security in Virginia.  Accordingly, for reasons stated herein and in Defendant's motion, Plaintiff's suit should be dismissed for improper venue (see Fed. R. Civ. P. 12(b)(3)), or alternatively, transferred (see 28 U.S.C. § 1406(a)).

**V.    Discovery is Not Required to Resolve Issues Before the Court.**

Plaintiff argues that "proper discovery will reveal Defendant's methodical harassment and discrimination..." Pl.'s Mot. Quash, first page.  Rule 56 of the Federal

Rules of Civil Procedure provides the requirements by which a party may delay summary judgment for purposes of developing facts essential to the party's opposition.  See Fed. R. Civ. P. 56(f)("Should it appear from the affidavits of a party opposing [a motion for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's position, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.")   "The district court [however] has discretion in determining whether it should permit additional discovery before the motion for summary judgment is resolved," Wiggins v. Powell, No.Civ.A.02-1774(CKK), 2005 WL 555417, *23 (D.D.C. March 7, 2005), citing Stella v. Mineta, 284 F.3d 135, 147 (D.C. Cir. 2002).  The district court's determination is reviewed under a deferential standard, i.e., for abuse of discretion, Stewart v. Evans, 351 F.3d 1239, 1245 (D.C. Cir. 2003).

In seeking relief under Fed. R. Civ. P. 56(f), a party must demonstrate that the request is authoritative, timely, and for good cause, and that the discovery sought is both useful and material.  See Resolution Trust Corp. v. North Bridge Associates, Inc., 22 F. 3d 1198, 1204 (1st Cir. 1994).  Although Courts are reluctant to grant summary disposition when there has been no discovery on issues and there remains genuine factual issues in dispute, see Chappell-Johnson v. Powell, 440 F.3d 484 (D.C. Cir. 2006) and Wiggins, 2005 WL 554417, *23 - 24, courts will grant summary disposition notwithstanding an opposing party's objection pursuant to Fed. R. Civ. P. 56(f) under

certain circumstances, for example, where discovery will not alter undisputed facts (see, e.g. Stewart v. Evans, 351 F.3d at 1246), where the party moving pursuant to Fed. R. Civ. P. 56(f) fails to demonstrate what new facts he or she believes can be obtained through discovery (see e.g. Carpenter v. Federal Nat. Mortg. Ass'n, 174 F.3d 231, 237 (D.C. Cir. 1999)), and where a court deems a party's request for discovery under the Rule as based on "speculation as to what potentially could be discovered." (see, e.g. Seils v. Rochester School Dist., 192 F.Supp.2d 100, 116 (W.D.N.Y. 2002); accord Byrd v. U.S. E.P.A., 174 F.3d 239, 248, n.8 (D.C. Cir. 1999)).   Discovery is particularly inappropriate in this case given the arguments presented.

For example, Plaintiff should clearly have personal knowledge about whether he exhausted his administrative remedies as required by Title VII, and should have been able to present evidence and legally persuasive argument on exhaustion without the benefit of discovery.  Plaintiff also does not need discovery for purposes of responding to Defendant's legal argument that he failed to allege an adverse action as related to his claim based on denial of leave.  Finally, Defendant has presented uncontested facts demonstrating that venue simply does not properly lie here.  Accordingly, on multiple grounds, discovery is inappropriate and should be denied, and this case either dismissed or transferred.

## CONCLUSION

For reasons stated herein, and in Defendant's Motion, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint, grant summary judgment in Defendant's favor, or alternatively, transfer this suit to a Court with jurisdiction consistent with 42 U.S.C. § 2000e-5(f)(3).

Date: April 24, 2006            Respectfully Submitted,


                                /s/ Kenneth L. Wainstein /mj
                                _____
                                KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                United States Attorney


                                /s/ Rudolph Contreras
                                _____
                                RUDOLPH CONTRERAS, D.C. BAR #434122
                                Assistant United States Attorney


                                /s/ Beverly M. Russell
                                _____
                                BEVERLY M. RUSSELL, D.C. Bar #454257
                                Assistant United States Attorney
                                United States Attorney's Office for the
                                 District of Columbia
                                555 4th Street, N.W., Rm. E-4915
                                Washington, D.C. 20530
                                Ph:  (202) 307-0492

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing ***Defendant's Opposition to Plaintiff's Motion to Quash Defendant's Motion to Dismiss, for Summary Judgment, or to Transfer Plaintiff's Amended Complaint*** was served by the Court's Electronic Case Filing System and by postage prepaid, first class mail to:

Charles Sam
3616 Pear Tree Court, #32
Silver Spring, Maryland 20906

on this 24th day of April, 2006.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney