## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| CHARLES SAM, )<br><br>Plaintiff, )<br><br>v. )<br><br>MICHAEL CHERTOFF,<br>  Secretary, U.S. Department of<br>  Homeland Security, )<br><br>Defendant. ) | Civil Action No. 05-1777 (RBW) |

---

## ORDER

The pro se plaintiff, Charles Sam, brings this action against Michael Chertoff, in his

official capacity as Secretary of the United States Department of Homeland Security, seeking

compensatory and equitable damages, as well as injunctive and declaratory relief, for actions

allegedly in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e et seq. (2000).  Second Amended Complaint ("Compl.") ¶¶ 4-73.[1]  Currently before the

Court is the defendant's motion to dismiss the complaint for, inter alia, improper venue under

---

[1] The plaintiff alleges that from the time he began employment with the Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS"), at its Virginia offices in July 2002, Compl. ¶¶ 5-7, he has suffered discrimination on the basis of his gender and national origin, Compl. ¶¶ 53-65.  In particular, the plaintiff asserts that his supervisors and co-workers, with the encouragement of those supervisors, made derogatory remarks to him concerning his national origin, Compl. ¶¶ 7-10, that he was disparately disciplined and his performance unfairly criticized, Compl. ¶¶ 11-21, that he was denied unpaid leave to prepare for the bar examination, Compl. ¶¶ 22-24, and that he was barred without cause or explanation from interacting with specific co-workers, Compl. ¶¶ 25-27.  Additionally, the plaintiff alleges that after he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") seeking redress for the alleged discrimination, Compl. ¶ 29, his supervisors took a variety of retaliatory measures against him, Compl. ¶¶ 67-73, including preventing him from meeting with certain coworkers, Compl. ¶¶ 32-37, and repeatedly rejecting his applications for a permanent position with the USCIS, Compl. ¶¶ 38-47.

Federal Rule of Civil Procedure 12(b)(3), or in the alternative for summary judgment or to transfer the plaintiff's complaint to the proper venue.[2]

The defendant argues that venue is improper in the District of Columbia because all the alleged discriminatory acts took place at the plaintiff's place of employment in the Eastern District of Virginia, all pertinent employment records are stored in the District of Vermont, and the plaintiff has neither alleged nor proven that but for these alleged discriminatory acts, he would have been employed within the District of Columbia. See Def.'s Mem. at 19-20. The plaintiff, whose arguments escape simple description, insists that the District of Columbia is the correct venue for his case. For the reasons stated below, the Court agrees with the defendant's position that the District of Columbia is not the proper venue for this action.[3] This case will therefore be transferred to the Eastern District of Virginia.

---

[2] The following papers have been filed in connection with this motion: (1) Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, for Summary Judgment, or to Transfer Plaintiff's Amended Complaint ("Def.'s Mem."); (2) Plaintiff's Motion to Quash Defendant's Motion to Dismiss, for Summary Judgment, or to Transfer Plaintiff's Amended Complaint ("Pl.'s Mot. Quash"); (3) Memorandum of Facts and Authorities in Support of Plaintiff's Motion to Quash Defendant's Motion to Dismiss, for Summary Judgment, or to Transfer Plaintiff's Amended Complaint ("Pl.'s Mem. Quash"); (4) Defendant's Opposition to Plaintiff's Motion to Quash Defendant's Motion to Dismiss, for Summary Judgment, or to Transfer Plaintiff's Amended Complaint ("Def.'s Opp."); (5) Plaintiff's Motion to Dismiss Defendant's Opposition to Plaintiff's Motion to Quash Defendant's Motion to Dismiss, for Summary Judgment, or to Transfer Plaintiff's Amended Complaint ("Pl.'s Mot. Dismiss"); and (6) Memorandum of Facts and Authorities in Support of Plaintiff's Motion to Dismiss Defendant's Opposition to Plaintiff's Motion to Quash Defendant's Motion to Dismiss, for Summary Judgment, or to Transfer Plaintiff's Amended Complaint ("Pl.'s Mem. Dismiss.").

[3] In a motion to dismiss for lack of proper venue under Rule 12(b)(3), "the Court 'accepts the plaintiffs['] well-pled factual allegations regarding venue as true, . . . draws all reasonable inferences from those allegations in the plaintiffs['] favor, and . . . resolves any factual conflicts in the plaintiffs' favor. . . . The Court, however, need not accept the plaintiffs['] legal conclusions as true.'" Quarles v. Gen. Inv. & Dev. Co., 260 F. Supp. 2d 1, 8 (D.D.C. 2003) (quoting James v. Booz-Allen, Hamilton, Inc., 227 F. Supp. 2d 16, 20 (D.D.C. 2002)) (alterations and omissions in original) (Walton, J.); see also 2215 Fifth St. Assocs. v. U-Haul Intern., Inc., 148 F. Supp. 2d 50, 54 (D.D.C. 2001) (stating that the court will grant a 12(b)(3) motion if "facts [are] presented that . . . defeat [the] plaintiff's assertion of venue") (citation omitted). However, "[b]ecause it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003) (citation omitted). Nevertheless, if the plaintiff is proceeding pro se, the factual allegations contained in his complaint should be held "to less stringent standards than formal pleadings drafted by lawyers." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 n.2 (D.C. Cir. 2000) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

It is clear that the District of Columbia is not the appropriate venue for the claims alleged

in the plaintiff's Complaint.  Under the relevant portion of Title VII, venue is proper in

> any judicial district in the State in which the unlawful employment practice is
> alleged to have been committed, in the judicial district in which the employment
> records relevant to such practice are maintained and administered, or in the
> judicial district in which the aggrieved person would have worked but for the
> alleged unlawful employment practices, but if the respondent is not found within
> any such district, such an action may be brought within the judicial district in
> which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

The first clause of § 2000e-5(f)(3)—which allows a Title VII plaintiff to bring suit

anywhere in the state where the unlawful employment practices occurred—places venue in the

Eastern District of Virginia, not the District of Columbia.  As the defendant notes, see Def.'s

Mem. at 19, most of the employment practices about which the plaintiff complains occurred in

the Washington District Office of the Department of Homeland Security, U.S. Citizenship and

Immigration Services ("USCIS"), see Compl. ¶¶ 5-27, 29-41, 43-46—the plaintiff's place of

employment—which is located in Arlington, Virginia, Def.'s Mem. at 19 & Ex. 1, Pl.'s Mem.

Quash at 11, in the Eastern District of Virginia.  The remainder of events occurred in Fairfax,

Virginia, see Compl. ¶¶ 28, 42, also located in the Eastern District of Virginia.

The plaintiff offers nothing substantive to rebut the defendant's position.[4]  Indeed, in

papers filed in the EEOC proceeding, the plaintiff expressly stated that the unlawful employment

---

[4] In response to the defendant's position that the acts alleged in the complaint occurred in the Eastern District of Virginia, the plaintiff argues (1) that the "[d]efendant [a]gency's proper name is the Washington District Office of the U.S. Citizen and Immigration Services," Pl.'s Mem. Quash at 11, 13 (emphasis omitted), and (2) that the defendant made "[p]ractically no major decisions" at its Virginia facilities and that its utilization of those sites was "merely a convenient political decision," while "[a]ll [f]ederal [d]epartments and [a]gencies are intuitively presumed to be headquartered in, and directed from, Washington, DC," id. at 13, and thus "all major decisions" of USCIS were made at its Washington headquarters, id. at 11.  Both of these contentions are entirely without merit. First, nothing in 42 U.S.C. § 2000e-5(f)(3) remotely suggests that venue may be based on a defendant's name. Second, the plaintiff identifies no specific actions taken or decisions made in the District of Columbia that relate to his employment or workplace environment.  Consequently, the Court must reject the plaintiff's arguments in this regard.

practices he alleged occurred in Arlington, Virginia. See Def.'s Mem., Ex. 5 at 1

(Complainant's Response to Agency's Motion for Decision without a Hearing and Summary

Judgment) (stating that "[t]he acts and omissions complained of occurred in the offices of

Respondent Agency in the State of Virginia in the judicial district of Arlington County").

 The plaintiff has thus far failed to identify a single action taken by the defendant relating

to the plaintiff's employment which took place in the District of Columbia. Even if the plaintiff

did identify one or more such instances, however, the Court must adjudicate the question of

venue under Title VII by applying a "commonsense appraisal of events having operative

significance." Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 277 (D.D.C. 2002). Thus,

as the plaintiff has failed to demonstrate that any, let alone many or most, of the actions about

which he complains occurred in the District of Columbia, venue is clearly not proper here under

the first provision of § 2000e-5(f)(3).

 Similarly, the second clause—which places venue in the judicial district where the

employment records are kept—permits the plaintiff here to bring suit in the District of Vermont.

The parties agree, see Def.'s Mem. at 19-20 & Ex. 1, Pl.'s Mem. Quash at 11, 13, that the

employment records pertinent to the plaintiff's claims are kept in South Burlington, Vermont,

not in the District of Columbia.[5] Thus, again, § 200e-5(f)(3) does not support the plaintiff's

claim that venue lies in this District.

 The third provision of § 2000e-5(f)(3)—under which venue is proper "in the judicial

district in which the aggrieved person would have worked but for the alleged unlawful

---

[5] Rather than contesting the defendant's factual assertion that the pertinent employment records are housed in Vermont, the plaintiff merely asserts that "today's technological age makes it quite possible for requisite material and information to be produced at practically lightning speed." Pl.'s Mem. Quash at 13. While this observation may weigh in favor of amending Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3), that will have to be a legislative decision, and it is therefore entirely irrelevant to the question of whether venue is proper in the District of Columbia as the statute is currently drafted.

employment practices," id.—does not permit this case to be heard in the District of Columbia. As the defendant correctly contends, the plaintiff has neither shown nor even asserted that, but for the employment practices of which he complains, he would have been employed in the District of Columbia. See Def.'s Mem. at 20. Instead, the plaintiff argues that he "should not have to be made to prove that but for [d]efendant's discriminatory acts, his place of employment would be considered to be Washington, DC," asserting that "the lack of adequate realty in the relatively small and compact Washington, DC [which] impels the Federal government to locate branches and satellite offices throughout the tri-state area . . . in no way alters the fact that all major management and controlling decisions are made from the headquarters in Washington, D.C." Pl.'s Mem. Quash at 13. As the plaintiff offers nothing further,[6] the Court concludes that the third provision of § 2000e-5(f)(3) does not place venue in the District of Columbia.

---

[6] In his complaint, the plaintiff asserts that when asked by the initial EEOC investigator "what could be done to rectify the situation," he requested that he be "transferred to a comparable position at the Headquarters office" in Washington, D.C., Compl. ¶ 30, but that his supervisor categorically refused to approve such a transfer, id. at ¶ 31. This conceivably can be construed as bearing on the question of whether, but for the defendant's allegedly discriminatory employment practices, the plaintiff would have worked in the District of Columbia. However, neither party specifically addressed these allegations in their motion papers and, in any event, they are not enough to make the District of Columbia a proper venue for the litigation of this case. Other members of this Court have previously interpreted the third prong of § 2000e-5(f)(3) narrowly. Thus, to establish the District of Columbia as the proper venue for a Title VII case under § 2000e-(f)(3), a plaintiff must show that it is "likely"—not merely possible—that absent the alleged discrimination he would have been employed in the District of Columbia. See Al-Beshrawi v. United States, Civ. No. 04-0743, 2005 U.S. Dist. LEXIS 35410, at *6-7 (D.D.C. Aug. 3, 2005). Moreover, the plaintiff must establish that the District of Columbia would have been his "principal place of work," not merely one of many "district[s] in which the individual's work might take him," James v. Booz-Allen & Hamilton, Inc., 227 F. Supp. 2d at 23.

In Al-Beshrawi, the plaintiff argued that he had "repeatedly made oral and written requests" to be transferred to the Department of Commerce's headquarters in the District of Columbia, and thus that he "would have worked in Washington, [D.C.] but for alleged unlawful employment practices." Id., 2005 U.S. Dist. LEXIS 35410, at *7. The Court disagreed, noting that the "[p]laintiff . . . has presented no convincing evidence that these requests were actually made, or that a position within the Department of Commerce in Washington, [D.C.] was likely." Id. But cf. Johnson v. Washington Gas Light Co., 89 F. Supp. 2d 45, 47 (D.D.C. 2000) (finding that "the record establishes that it is likely that, had plaintiff received one of the positions he sought, he would have been assigned to work in the District of Columbia at some point" and concluding on that basis "that [the] plaintiff has met his burden of showing that venue is properly laid" in the District of Columbia.") (emphasis in original). In the present case, the Court concludes that the plaintiff has not presented any convincing evidence that it is likely that he would have been employed in the District of Columbia but for the defendant's alleged discriminatory actions.

The fourth provision of § 2000e-5(f)(3)—allowing a plaintiff to bring suit in the district where the defendant has its principal office if the defendant is not found in any of the first three forums—is not applicable in this case. The plaintiff makes no claim that the defendant cannot be found in the Eastern District of Virginia. Indeed, by asserting that venue is proper in the Eastern District of Virginia, see Def.'s Mem. at 19-20, and requesting that the Court transfer this case to that forum, id. at 20, the defendant concedes that he can be found there. Cf. Darby, 231 F. Supp. 2d at 278 (noting that "[t]he plaintiff does not argue that the defendants may not be found in the Southern District [of Ohio]" and that "[i]n fact, by stating that Title VII venue is proper in the Southern District, the defendants suggest that they may be found in that jurisdiction"). Because the "plaintiff could properly assert venue in several other districts" and because the defendant admittedly can be found in at least one of those districts, the fourth provision of § 2000e-5(f)(3) has no applicability here. See Darby, 231 F. Supp. 2d at 278; James, 227 F. Supp. 2d at 24; Al-Beshrawi, Civ. No. 04-0743, 2005 U.S. Dist. LEXIS 35410, at *8.

Having concluded that venue is improper in the District of Columbia, the Court must either dismiss this action or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (2000); see also James v. Booz-Allen & Hamilton, Inc., 227 F. Supp. 2d 16, 24-25 (D.D.C. 2002) (noting that "the Title VII venue statute provides that transfer under 28 U.S.C. § 1406(a) is appropriate to any judicial district where the plaintiff could have originally brought his case"). The decision whether to dismiss or transfer is committed to the sound discretion of the Court. See Davis v. Am. Soc'y of Civil Engineers, 290 F. Supp. 2d 116, 120 (D.D.C. 2003) (citation omitted).

However, "[t]he interest of justice . . . generally requires transferring such cases to the appropriate judicial district rather than dismissing them." Id. (citations omitted). As the

defendant has offered no argument or authority in opposition to transferring the case to the Eastern District of Virginia, and indeed requests that this Court do so, see Def.'s Mem. at 20, the Court finds that it is in the interest of justice to transfer this matter to the Eastern District of Virginia and to allow the parties to litigate the plaintiffs' claims in that forum.[7]  It is therefore

      **ORDERED** that the defendants' motion is GRANTED IN PART and DENIED IN PART.  It is further

      **ORDERED** that the plaintiff's claims are hereby transferred to the Eastern District of Virginia.

      **SO ORDERED** this 29th day of June, 2006.



REGGIE B. WALTON
United States District Judge

---

[7]The Court is cognizant of the District of Columbia Circuit's decisions in Simpkins v. Dist. of Columbia Gov't, 108 F.3d 366, 370 (D.C. Cir. 1997), and Cameron v. Thornburgh, 983 F.2d 153, 158 (D.C. Cir. 1993), holding that a district court is empowered to dismiss all or part of a plaintiff's complaint for failure to state a claim upon which relief can be granted, even if venue is not proper in this Court, where the plaintiff's claims are entirely meritless.  These decisions, however, applied specifically to actions brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), for money damages for alleged constitutional violations against federal officers in their individual capacities.  See Simpkins, 108 F.3d at 370 (stating that "[d]ismissing a meritless Bivens suit for insufficiency of service of process, like dismissing such a suit for improper venue, . . . merely postpones the inevitable"); Cameron, 983 F.2d at 257 n.5 (dismissing Bivens action with prejudice, even though venue was improper, where the Court was "convinced" that the plaintiff had not stated a valid claim). As such, they do not confer especial authority on this Court where, as here, the plaintiff brings an action against a federal agency pursuant to Title VII.  See Simpkins, 108 F.3d at 370-71 (declining to extend its holding to actions brought against the government under the FTCA).  Moreover, even if this Court could exercise its discretion to reach the merits of the plaintiff's Title VII claims despite the impropriety of venue in the District of Columbia, it would decline to do so, as it is not persuaded that the plaintiff's claims are so unfounded that they "could not possibly win relief."  Simpkins, 108 F.3d at 370 (internal quotation marks and citation omitted).